908 P.2d 56

Lawrence J. MAYER, Roy J. Whitehead and Charles A. Rhinehart, Plaintiffs–Appellants,

v.

STATE of Arizona; Samuel A. Lewis, John R. Hallahan, Fred Ballard, Karen Humiston, Glen Parin, Charles A. Flanagan, George Tichy, Robert Mendez, Jim Jernigan, Monica Taylor, David Coppola, John Doe Vertress, Shirley Cox, Cheryl Matthews and Jerry Brenner, as employees of the Arizona Department of Corrections, an Agency of the State of Arizona, Defendants–Appellees.

1 CA–CV 94–0325.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 5, 1995.

ery occurred in this case, we remand for a determination of timeliness.

## I. FACTS AND PROCEDURAL BACKGROUND

In May 1993, plaintiff and two other inmates [1] of the state prison in Douglas filed a complaint *pro se* for special action in the superior court of Maricopa County against fifteen employees of the ADOC. The attorney general's office, acting as attorney for defendants, filed a motion to dismiss for failure to state a claim upon which relief can be granted. On December 6, 1993, the trial court granted the motion, dismissing plaintiff's complaint. Judgment was entered on December 8, 1993. Plaintiff filed a notice of appeal, dated the 4th of January, 1994, which was received and stamped filed by the clerk of the superior court on June 14, 1994.

## II. DISCUSSION

■ Because plaintiff's notice of appeal was filed more than five months late, we first examine the jurisdiction of this court to hear plaintiff's appeal. Appellate courts lack jurisdiction to consider appeals that are not timely filed. *Butler Products Co., Inc. v. Roush,* 145 Ariz. 32, 699 P.2d 906 (App.1984). The Arizona Rules of Civil Appellate Procedure require that a notice of appeal must be filed not later than thirty days after the entry of judgment from which the appeal is taken. Rule 9(a), Ariz.R.Civ.App.P. Consequently, if the plaintiff filed his notice of appeal more than thirty days after the entry of judgment, we have no jurisdiction to hear his appeal.

■ Rule 9(a), Arizona Rules of Civil Appellate Procedure, states, "A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of judgment from which the appeal is taken...." Plaintiff claims to have filed his notice within the time required by Rule 9(a). Plaintiff contends that he delivered the notice of appeal to the ADOC to be mailed to the clerk of the superior court

Lawrence J. Mayer, in pro. per.

Grant Woods, The Attorney General by Michael Warzynski, Assistant Attorney General, Phoenix, for Appellee.

## OPINION

TOCI, Judge.

Lawrence Mayer ("plaintiff") appeals from the dismissal of his complaint for special action against various employees of the Arizona Department of Corrections ("ADOC"). ADOC contends that plaintiff has not timely filed his appeal and that we have no jurisdiction to hear it. Plaintiff argues that he delivered his notice of appeal to prison authorities for mailing before the time to appeal expired and, consequently, the notice of appeal was timely filed. We hold that a *pro se* prisoner who delivers his notice of appeal to prison officials for mailing has "filed" his notice upon such delivery. Because we lack sufficient evidence to determine when deliv-

---

1. Roy Whitehead and Charles Rhinehart are also listed as plaintiffs on the caption. Because they did not sign, or have their attorney sign, the notice of appeal pursuant to Ariz.R.Civ.App.P. 8(e), they have not appealed the trial court's ruling.

on January 4, 1994. Relying on *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), plaintiff argues that a notice of appeal is deemed filed the day that a *pro se* prisoner delivers it to proper prison officials to mail.

*Houston* does not, however, interpret the United States Constitution, but rather the Federal Rules of Appellate Procedure. Thus, it does not bind Arizona courts. Nevertheless, the language of Rule 9(a) follows the language of Federal Rule of Appellate Procedure 4(a)(1), which was at issue in *Houston*. Both require the filing of the notice with the clerk of the trial court. While Rule 9 requires that filing occur "not later than 30 days after" the entry of judgment, Federal Rule of Appellate Procedure 4(a)(1) requires filing "within 30 days after" the date of the entry of judgment. Though the Arizona rule is worded differently to permit premature appeals, *Barassi v. Matison*, 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981), both rules refer to the same deadline for filing at issue here. We conclude that an interpretation of timeliness under Federal Rule of Appellate Procedure 4(a)(1) is persuasive in interpreting Rule 9(a). Thus, we adopt the holding of *Houston* and apply it here.

The Supreme Court in *Houston* examined the unique position of *pro se* prisoners seeking to appeal without the aid of counsel.

[T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.... [A prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

.    .    .    .    .

[T]he lack of control of *pro se* prisoners over delays extends much further than that of the typical civil litigant: *pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally.

*Houston*, 487 U.S. at 271–72, 273–74, 108 S.Ct. at 2382–2383, 2384.

It was argued in *Houston* that a rule allowing *pro se* prisoners to claim that they had filed their notices of appeal upon delivery to prison authorities would lead to an increase in disputes and further uncertainty over when filing actually occurred. The Court rejected this argument, concluding that the

administrative concerns lead to the opposite conclusion here. The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.

*Id.* at 275, 108 S.Ct. at 2384–85.

We agree with the Court in *Houston*. 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245. A *pro se* prisoner is not in a position to make sure that his notice of appeal is timely filed. He cannot personally file the notice with the clerk of the court nor can he directly place the notice in the hands of the United States Postal Service. He must entrust the timeliness of his filing to an institution whose interests and priorities may not coincide with his own. Accordingly, we hold that a notice of appeal by a *pro se* prisoner is deemed filed when it is properly addressed and delivered to prison authorities for forwarding to the clerk of the superior court.

In this case, judgment was signed on December 6, 1993, and entered on December 8, 1993. The notice of appeal was, therefore,

due by the thirtieth day following December 8: January 7, 1994. Plaintiff's notice of appeal is signed and dated January 4, 1994, but the clerk did not receive the notice until June 14, 1994. Plaintiff has not provided this court with any evidence other than the signature date on the notice of appeal itself to prove that he timely filed it. We have no record of when plaintiff delivered the notice to prison authorities. Therefore, we are unable to determine whether he did so on or before January 7, 1994.

■ When there is no clear record as to when the notice of appeal was delivered to prison authorities, the proper course of action is to remand to the trial court to make this determination. *Miller v. Sumner*, 872 F.2d 287, 288 (9th Cir.1989); *Logan v. Central Freight Lines*, 858 F.2d 993, 994 (5th Cir.1988); *Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir.1988).

> While this procedure may substantially delay review of prisoner petitions, we agree that it is the best course to follow, because even greater deficiencies accompany the two alternatives: A presumption of timeliness would encourage prisoners to fraudulently backdate notices of appeal; a presumption of untimeliness would encourage prison officials, who often are the appellees in these suits, to delay mailing notices of appeal. Remand to the [superior] court for a determination of timeliness appears to be the only available method of following the dictates of *Houston*.

*Miller*, 872 F.2d at 288.

On remand the trial court shall consider the evidence submitted by the plaintiff in support of his argument that the notice of appeal was timely filed with prison authorities. If plaintiff establishes a colorable claim that the notice of appeal was timely filed, the trial court shall hold an evidentiary hearing on this issue. *See State v. Andersen*, 177 Ariz. 381, 385, 868 P.2d 964, 968 (1993), *cert. denied*, — U.S. —, 114 S.Ct. 2717, 129 L.Ed.2d 842 (1994) (to receive an evidentiary hearing on petition for post-conviction relief, prisoner must present colorable claim, which, if true, would entitle him to relief). Should the trial court find that the plaintiff's appeal was timely filed, it shall be reinstated.

We note in passing that the Arizona State Prison has procedures in place for logging certain types of outgoing mail, including packages and mail that is certified, registered, and insured. *See* Arizona Department of Corrections, Internal Management Policy, No. 302.4. That rule does not appear to apply to the logging of outgoing legal mail. If the same system is adopted for the logging of legal mail, it will provide concrete proof of the time of filing of *pro se* legal mail. Thus, if a *pro se* prisoner's appeal is challenged as untimely, he would be required to submit a copy of the entry in the prison mail log establishing that he timely filed the notice of appeal with prison authorities. This would obviate the problem raised by the plaintiff's bare allegation that he deposited the notice of appeal with prison authorities within the prescribed appeal time and would dispense with the necessity for a hearing on the issue.

### III. CONCLUSION

■ We find *Houston* persuasive in interpreting Arizona Rule of Appellate Procedure 9(a). We hold that a *pro se* prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court. Because there is no evidence before this court to make a determination of whether plaintiff delivered his notice to the proper prison authorities within the time dictated by Rule 9(a), we remand to the trial court to determine whether plaintiff can make a colorable claim entitling him to an evidentiary hearing.

VOSS, P.J., and FIDEL, J., concur.