987 P.2d 226

STATE of Arizona, Respondent,

v.

Edward R. ROSARIO, Petitioner.

No. 1 CA–CR 96–0873 PR.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 31, 1999.

Edward R. Rosario, Florence, In Propria Persona.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Respondent.

OPINION

EHRLICH, Judge.

¶ 1 Edward R. Rosario petitions this court for review of the summary dismissal of his petition for post-conviction relief. For the following reasons, we remand this matter for further proceedings.

*FACTUAL AND PROCEDURAL HISTORY*

¶ 2 Rosario was charged with molesting his stepdaughter, a girl less than fifteen years of age, and of engaging in sexual intercourse with his minor daughter. He pled guilty to three counts of an indictment in exchange for the state's agreement to dismiss the four remaining counts. Subsequently, he was sentenced to fourteen years incarceration on Count I, attempted molestation of a child, a class three felony and dangerous crime against children, a consecutive sentence of 1.875 years incarceration on Count VI, sexual conduct with a minor, a class five felony, and consecutive lifetime probation on Count IV, also attempted molestation of a child, with credit for 214 days of presentence incarceration.

¶ 3 Rosario filed a notice of post-conviction relief, which was signed and dated March 9, 1995, but stamped "filed" on March 21, 1995. From the notice's checklist of grounds for relief, he selected certain issues, and he also requested the appointment of an attorney.

¶ 4 The trial court granted Rosario's request for an attorney, but the attorney later successfully moved to withdraw. The court then extended the time to allow Rosario to file his own petition.

¶ 5 On March 4, 1996, Rosario filed a document he entitled "Attachment A" containing support for the issues raised in his notice. Although this document was not entitled "Petition for Post–Conviction Relief," the trial court treated it as one filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. It then summarily denied the petition, ruling that Rosario's notice of post-conviction relief was not filed within ninety days of December 16, 1994, and that his petition did not raise any Rule 32 claims not subject to the ninety-day time limit. The court further

ruled that, even if Rosario had timely filed his petition, he had not raised any colorable claims.

¶ 6 Rosario petitioned this court for review of the trial court's summary dismissal. He raises various issues:

1.  Whether his notice of post-conviction relief was timely filed;

2.  Whether the state violated his constitutional rights by failing to notify him of his indictment;

3.  Whether his counsel was ineffective; and

4.  Whether his plea was knowing and voluntary when he claims to have been ignorant as to how much time he must serve to be eligible for release.

## DISCUSSION

### A. Filing of Notice of Post–Conviction Relief

¶ 7 A defendant must file a notice of post-conviction relief "within ninety days of the entry of judgment and sentence" unless the petition raises claims pursuant to Rule 32.1(d), (e), (f) or (g) or Rule 32.4(a). Because Rosario did not raise claims pursuant to Rule 32.1(d) through (g), his petition can be summarily dismissed if untimely filed after ninety days.

¶ 8 In a criminal action, the "sentence is complete and valid when orally pronounced in open court and entered in the minutes without anything further or any written judgment." *State v. James*, 110 Ariz. 334, 337, 519 P.2d 33, 36 (1974); *see Juvenile Action No. JS–8441*, 174 Ariz. 341, 343, 849 P.2d 1371, 1373 (1992). As reflected in the record, Rosario's sentence was pronounced on December 16, 1994, thus marking the beginning of the ninety-day period.

¶ 9 Rosario's notice was stamped "filed" by the superior court on March 21, 1995, outside the ninety-day limit by five days. However, Rosario asserts that he had notarized and mailed his notice of post-conviction relief on March 9, 1995, which was within the ninety-day time limit, making the petition timely even if the court received it later. He relies upon *Houston v. Lack*, 487

U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and *Mayer v. State*, 184 Ariz. 242, 244, 908 P.2d 56, 58 (App.1995), in which cases the court considered an incarcerated litigant's notice of appeal to be filed when the notice was delivered to the department of corrections for mailing.

> (T)he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.

*Mayer*, 184 Ariz. at 244, 908 P.2d at 58, quoting *Houston*, 487 U.S. at 271–72, 108 S.Ct. 2379.

¶ 10 Although no law directly deals with the notice of a petition for post-conviction relief, the rationale for determining the date of the filing is the same as for a notice of appeal. "A *pro se* prisoner is not in a position to make sure that his notice of appeal is timely filed. He cannot personally file the notice with the clerk of the court nor can he directly place the notice in the hands of the United States Postal Service." *Id.* If Rosario timely gave his notice of petition for post-conviction relief to the Arizona Department of Corrections ("ADOC") for mailing, his notice must be considered timely filed. However, we have no evidence other than his statement that he timely filed it. In such cases, the proper course of action is to remand to the trial court to make this determination. *Miller v. Sumner*, 872 F.2d 287, 288 (9th Cir.1989).

¶ 11 "On remand, the trial court shall consider the evidence submitted by the plaintiff in support of his argument that the notice ... was timely filed with prison authorities." *Mayer*, 184 Ariz. at 245, 908 P.2d at 59. If he "establishes a colorable claim that the notice was timely filed, the court shall hold an evidentiary hearing on this issue." *Id.*

### B. Claims

¶ 12 The trial court ruled that, even if the notice had been timely filed, Rosario raised

no colorable claims. We now address these issues.

### 1. The Indictment

¶ 13 Rosario alleges that he did not receive notice of the indictment, that he did not know that he had been indicted until July 1995, and that he received no clear and explicit explanation of the rights he was waiving. He states that, because the state did not provide him with specific information about the charges against him, he was unable to defend himself. We disagree.

■ ¶ 14 Rosario admits that he was advised of the charges against him at his arraignment on June 3, 1994. Further, the record shows that the Notice of Supervening Indictment was mailed to Rosario in custody and to the public defender on May 27, 1994, and that the Amended Notice of Supervening Indictment was mailed to Rosario in custody and to the public defender on June 6, 1994.

¶ 15 Even if Rosario were correct, he can show no prejudice or reversible error if he actually was aware of the charges. *See State v. Schroeder,* 167 Ariz. 47, 52, 804 P.2d 776, 781 (App.1990). Moreover, the plea agreement accurately stated the charges, and this court has held that a failure to file an information is not reversible error when the defendant knows the charges; the plea agreement becomes the charging document. *State v. Buckley,* 153 Ariz. 91, 94, 734 P.2d 1047, 1050 (App.1987); *see State v. Dungan,* 149 Ariz. 357, 362, 718 P.2d 1010, 1015 (App. 1985) (There is "no prejudice if defendant has full and fair notice of the crime charged, is not surprised, confused or prejudiced and is afforded a full and fair opportunity to defend the charge against him.").

¶ 16 Rosario has not raised a colorable claim regarding whether he had notice of the charges against him.

### 2. Ineffective Assistance of Counsel

■ ¶ 17 Rosario complains that the public defender was ineffective because the attorney failed to adequately investigate his case and prepare for trial. Rosario has provided no factual support for this assertion, and the record does not support it. Rather, the record shows that Rosario's attorney actively sought discovery from the state and requested a voluntariness hearing to determine whether Rosario's statement to the police upon his arrest was coerced.

■ ¶ 18 He also alleges that his attorney failed to explain the plea agreement and his constitutional rights. Again, the record indicates that this is incorrect. The plea agreement, which Rosario signed, set forth the rights Rosario was waiving. It shows Rosario's initials by each provision, indicating that he read and approved the contents. At the change-of-plea hearing, Rosario avowed that he had read and understood the plea agreement and that he had discussed the case and his rights with his attorney. Further, the trial court reiterated these rights, and Rosario admitted that he understood the agreement, his rights and his waiver.

¶ 19 Rosario then claims that his attorney failed to advise him that he had requested a voluntariness hearing. However, Rosario does not indicate how this prejudiced him except to say that he would not have accepted a plea agreement had he known.

■ ¶ 20 Rosario adds that his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated. This allegation is waived by the acceptance of a plea agreement. *See McMann v. Richardson,* 397 U.S. 759, 768–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Leinweber,* 121 Ariz. 435, 437, 590 P.2d 1381, 1383 (1979).

¶ 21 Rosario now says that he lied when he accepted the plea agreement. This, too, is a meritless claim. *See State v. Hamilton,* 142 Ariz. 91, 93, 688 P.2d 983, 985 (1984).

■ ¶ 22 Rosario states that his counsel did not take into consideration the victim's wishes. He believes that he should have been placed in counseling or directed to participate in an "intervention," and he claims that his wife wanted this as well. First, this is not a factor for determining guilt and whether counsel took this into consideration is irrelevant. Second, although Rosario's wife did not want him incarcerated, she was not the victim. Rosario's daughter stated

that Rosario would continue his criminal behavior if he were not incarcerated. Although his step-daughter was not made available by Rosario's wife, other members of Rosario's family and friends sent letters to the trial court prior to sentencing and were given an opportunity to speak.

¶ 23 To succeed in a claim of ineffective assistance of counsel, Rosario must affirmatively show (1) that counsel's performance fell below an objective standard of reasonableness as defined by prevailing professional norms and (2) that this deficient performance resulted in prejudice to the defense. *See State v. Atwood,* 171 Ariz. 576, 600, 832 P.2d 593, 617 (1992), *cert. denied* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993). The petitioner must offer some demonstration that the attorney's representation fell below that of the prevailing objective standards. *State v. Herrera,* 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App.1995). Also, he must offer some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the appeal would have been different. *Id.; see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the petitioner and the showing must be that of a provable reality, not mere speculation. *State v. McDaniel,* 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983). Rosario has not met this test and, therefore, has not raised a colorable claim.

### 3. *Length of Sentence*

¶ 24 Rosario complains that he was misled as to when he would be eligible for release from his sentence for Count I. Specifically, his plea agreement for Counts I and IV provided as follows:

> If sentenced to a term of imprisonment, the Defendant is not eligible for release from confinement on any basis until having served not less than one-half the sentence imposed by the court. Eligibility or release shall be determined by the Board of Pardons and Paroles. See A.R.S. § 41–1604.06. Defendant is not entitled to earn release credits until having served one-quarter of the mandatory minimum of the sentence imposed by the court (one-quar-

ter of one-half the sentence imposed by the court). See A.R.S. § 41–1604.06 and .07.

The trial court repeated this language at the change-of-plea hearing.

¶ 25 The trial court denied relief on this issue, stating that Rosario presented no evidence to support his claim. However, he attached supporting documents to his reply in support of his petition for post-conviction relief, including a chart from ADOC calculating his earliest eligible release dates. ADOC has taken the position that Rosario must serve 85 percent of his sentence on Count I before he is eligible for release from confinement if he has earned sufficient earned-release credits. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 41–1604.07(A).

¶ 26 The Arizona legislature enacted laws effective January 1, 1994, eliminating the possibility of parole for crimes committed after that date. *See* A.R.S. § 41–1604.09(I). Because Rosario committed his crimes in March and May 1994, he is not eligible for parole, although he may be eligible for release from confinement when he has served 85 percent of his sentence for Count I if he has sufficient earned-release credits at that time. A.R.S. § 41–1604.07(A).

¶ 27 "Courts have power to impose sentences only as authorized by statutes and within the limits set down by the legislature." *State v. Harris,* 133 Ariz. 30, 31, 648 P.2d 145, 146 (App.1982). Release eligibility is not the court's decision.

¶ 28 On this issue, the trial court erred. If Rosario based his decision to plead to the offenses based upon his belief that he could be paroled at one-half of his incarceration terms, he has raised a colorable claim. *Appeal in Yuma County Juvenile Action J–95–63,* 183 Ariz. 228, 902 P.2d 834 (App.1995); *State v. Bryant,* 133 Ariz. 298, 650 P.2d 1280 (App.1982). "A defendant is entitled to an evidentiary hearing when he presents a colorable claim, that is a claim which, if defendant's allegations are true, might have changed the outcome." *State v. Watton,* 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). We remand this issue to the trial court.

### CONCLUSION

¶ 29 We remand this action to the trial court to determine whether Rosario timely filed his notice and, if so, whether the outcome would have changed had Rosario known the actual amount of time he had to serve before becoming eligible for release.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and JEFFERSON L. LANKFORD, Judge.