106 P.3d 1035

**STATE of Arizona, Respondent,**

v.

**Darrell Wayne GORACKE, Petitioner.**

**No. 1 CA–CR 03–0187.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 22, 2005.

Review Denied May 24, 2005.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Andrew P. Thomas, Maricopa County Attorney By Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Respondent.

1. This thirty-day provision is extended by five days when the notice of the determination has been mailed by the clerk. *State v. Zuniga*, 163 Ariz. 105, 106, 786 P.2d 956, 957 (1990).

Law Offices of Kerrie M. Droban By Kerrie M. Droban, Scottsdale, Attorney for Petitioner.

## OPINION

BARKER, Judge.

¶1 Darrell Wayne Goracke ("petitioner"), while incarcerated, filed a pro per petition for review by the Arizona Supreme Court three days after the deadline. The issue before us is whether the prisoner mailbox rule that applies in other specified post-trial settings applies here. We hold that it does.

### Facts and Procedural History

¶2 On November 16, 2000, petitioner was convicted of burglary in the second degree, theft, misconduct involving weapons, and theft of a means of transportation. Petitioner appealed and we affirmed on October 16, 2001. Following his appeal, petitioner timely filed a petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. That petition was summarily denied by the trial court. Ariz. R.Crim. P. 32.6(c). Petitioner filed a petition for review of that decision with this court.

¶3 On May 26, 2004, petitioner's petition for review of post-conviction relief was denied by this court. A petition for review by the Arizona Supreme Court must be filed "[w]ithin 30 days after the filing of a decision or within 15 days after the clerk has mailed notice of the determination of a motion for reconsideration." Ariz. R.Crim. P. 31.19(a).[1]

¶4 In response to petitioner's several requests for extensions of time, this court set August 30, 2004 as the deadline for petitioner to file his petition for review by the Arizona Supreme Court. The petition for review was not received for filing in the clerk's office until September 2, 2004, three days after the deadline.[2] The petition was dated August 30, 2004. A "Proof/Certificate of Service" was attached, which indicated on that date petitioner "placed this Petition for Review in the

2. Pursuant to Arizona Rule of Criminal Procedure 31.19(a), petitions for review by the Arizona Supreme Court are filed with the clerk of the Arizona Court of Appeals.

**22**

institutional mail at Menard Correctional Center, Menard, Illinois, properly addressed ... for mailing through the United States Postal Service."

▮ ¶ 5 Because this court did not receive the petition by the August 30 deadline, we consider whether to accept the petition as timely pursuant to the prisoner mailbox rule. The prisoner mailbox rule, as applied to appeals, is "that a *pro se* prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court." *Mayer v. State,* 184 Ariz. 242, 245, 908 P.2d 56, 59 (App.1995). Each party has briefed the issue at our request and submits that we should apply the prisoner mailbox rule to petitions for review.

### *Discussion*

▮ ¶ 6 We have applied the prisoner mailbox rule to a notice of appeal. *Id.* We have also applied this rule to a notice of a petition for post-conviction relief. *State v. Rosario,* 195 Ariz. 264, 266, ¶ 10, 987 P.2d 226, 228 (App.1999). The question presented here is whether this same rule should be applied to petitions for review. We turn to the reasoning behind the prisoner mailbox rule to decide if it is applicable here.

¶ 7 We stated in *Mayer* that a *"pro se* prisoner is not in a position to make sure that his notice of appeal is timely filed. He cannot personally file the notice with the clerk of the court nor can he directly place the notice in the hands of the United States Postal Service." *Mayer,* 184 Ariz. at 244, 908 P.2d at 58. In *Mayer,* we relied upon the United States Supreme Court's adoption of a similar rule for federal appeals. *Id.* In *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Court applied the prisoner mailbox rule to an incarcerated petitioner's pleading. It held:

> [T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.... [A prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he

has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Id.* at 271–72, 108 S.Ct. 2379. In *Rosario,* dealing with petitions for post-conviction relief, we applied the same rule. We held that "[a]lthough no law directly deals with the notice of a petition for post-conviction relief, the rationale for determining the date of the filing is the same as for a notice of appeal." 195 Ariz. at 266, ¶ 10, 987 P.2d at 228.

¶ 8 The rule that *Houston* articulated, and that we applied in both *Mayer* and *Rosario,* has been applied widely in other jurisdictions to a broad range of filings. *See, e.g., Hostler v. Groves,* 912 F.2d 1158, 1161 (9th Cir.1990) (applying rule to pro se prisoner's notice of appeal in non-habeas civil suit); *Sulik v. Taney County, Mo.,* 316 F.3d 813, 815 (8th Cir.2003) (observing that in the context of " § 1983 complaints filed by pro se prisoners, it appears that all other courts to consider the issue have held *Houston* applies"); *Massaline v. Williams,* 274 Ga. 552, 554 S.E.2d 720, 721–23 (2001) (applying prisoner mailbox rule to pro se application for certificate of probable cause to appeal habeas corpus); *Munson v. State,* 128 Idaho 639, 917 P.2d 796, 800 (1996) (applying prisoner mailbox rule to petition for post-conviction relief); *Commonwealth v. Jones,* 549 Pa. 58, 700 A.2d 423, 426 (1997) ("[W]e extend the prisoner mailbox rule to all appeals by pro se prisoners."); *State ex rel. Shimkus v. Sondalle,* 239 Wis.2d 327, 620 N.W.2d 409, 413 (Ct.App.2000) ("Courts in several other states have elected to follow *Houston* ... concluding that its rationale is persuasive because state inmates face obstacles identical to those that led the *Houston* court to adopt the 'prison mailbox' rule.... [W]e join those courts.").

▮ ¶ 9 We recognize, however, that in determining *state* procedural issues we are not bound by the Court's rulings on *federal* procedural issues absent a controlling constitutional consideration. *Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990) ("[W]e need not follow

the federal cases if we believe Arizona policy, practice, or case law requires a different result."). Indeed, some state courts have declined to follow the prisoner mailbox rule announced in *Houston*. *See, e.g., Carr v. State*, 554 A.2d 778, 779–80 (Del.1989) (relying on state rule and statute requiring clerk receive notice of appeal by deadline to be deemed duly filed); *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 555 N.E.2d 966, 967 (1990) (relying on state rule requiring notice of appeal be received by court by deadline to be deemed filed).

¶ 10 We find that the *Houston* rule, which we applied in *Mayer* and *Rosario,* is equally applicable here. The considerations that pertain to the filing of a notice of appeal and a notice of a petition for post-conviction relief are the same as those for a petition for review by the Arizona Supreme Court.[3] Thus, application of the prisoner mailbox rule is appropriate in this case.

■ ¶ 11 The state urges, however, that the factual record is not clear on whether petitioner complied with the prisoner mailbox rule; namely, that the record does not show the petition for review was tendered to prison authorities by August 30, 2004. "When there is no clear record as to when the notice of appeal was delivered to prison authorities, the proper course of action is to remand to the trial court to make this determination." *Mayer*, 184 Ariz. at 245, 908 P.2d at 59. We agree with the principle that a remand is appropriate when the factual record is unclear.

■ ¶ 12 In this case, however, certification on the mailing certificate was that "on August 30, 2004, I have placed this Petition for Review in the institutional mail at Menard Correctional Center, Menard, Illinois." The record also shows that the petition was received by the clerk of the court of appeals three days later, on September 2, 2004. The state points to no facts that would indicate the petition was not tendered on the date indicated. In the absence of any facts to suggest that the petitioner's certification was not accurate, and because the petition was received by the clerk's office in a time frame consistent with petitioner's certification, we decline to remand this matter for an evidentiary hearing. There are no conflicting facts or inferences. On this record, and applying the prisoner mailbox rule, we determine that the petition for review was timely. Thus, the petition for review may be filed concurrently with this opinion.[4]

### Conclusion

¶ 13 For the reasons above, we determine that the prisoner mailbox rule applies to petitions for review by the Arizona Supreme Court. As the petition for review has been filed simultaneously with this opinion, the state may now respond to the petition pursuant to Arizona Rule of Criminal Procedure 31.19(a) and (e).

CONCURRING: PATRICIA K. NORRIS and JOHN C. GEMMILL, Judges.

---

3. Though not directly at issue, a petition for review by the Arizona Court of Appeals of a trial court's ruling on a petition for post-conviction relief, pursuant to Arizona Rule of Criminal Procedure 32.9(c), is also subject to the same considerations.

4. ·Because the petition did not comply with Arizona Rule of Criminal Procedure 31.19(a), absent the application of the prisoner mailbox rule, the clerk's office has held, but not filed, the petition for review until this issue was resolved.