NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LEVI BENJAMIN BODINE, *Petitioner*.

No. 1 CA-CR 14-0536 PRPC
FILED 7-14-2016

Petition for Review from the Superior Court in Yavapai County
No. P1300CR20080671
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Steven A. Young
*Counsel for Respondent*

Levi Benjamin Bodine, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould, Judge Randall M. Howe, and Judge
Kent E. Cattani delivered the decision of the Court.

**P E R  C U R I A M**:

¶1           Levi Benjamin Bodine petitions this court for review from the dismissal of his petition for post-conviction relief.  For reasons that follow, we grant review but deny relief.

¶2           In 2009, Bodine pleaded guilty to armed robbery, theft, and two counts of aggravated assault in two consolidated cases.  In accordance with his plea agreement, the superior court sentenced him to a stipulated, aggregate term of fourteen years' imprisonment.  Bodine did not file a timely petition for post-conviction relief of-right, but waited over five years to file his first untimely notice of post-conviction relief.  The court summarily dismissed the notice and Bodine now seeks review.  We have jurisdiction under Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes § 13-4239(C).

¶3           The petition for review presents four issues.  Bodine argues (1) the superior court did not inform him he would waive his right to appeal by pleading guilty, (2) the court sentenced him in violation of the plea agreement, (3) the court improperly considered aggravating circumstances for sentencing purposes, and (4) his trial counsel was ineffective because he failed to recognize and address these issues before the superior court.

¶4           We deny relief.  A notice of post-conviction relief in a Rule 32 "of-right" proceeding must be filed within 90 days after the entry of judgment and sentence.  Ariz. R. Crim. P. 32.4(a).  Claims under Rule 32.1(a) (constitutional violation), (b) (lack of jurisdiction), and (c) (illegal sentence) cannot be raised in an untimely notice and are subject to summary dismissal.  *See* Ariz. R. Crim. P. 32.4(a); *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999).  The only claims that may be raised in an untimely notice are those under Rule 32.1(d) (expired sentence), (e) (newly discovered evidence), (f) (no fault failure to timely file notice), (g) (significant change in the law), and (h) (actual innocence).  Ariz. R. Crim. P. 32.4(a).

¶5           Bodine's arguments implicate Rule 32.1(a) and (c) and thus are untimely.  Although Bodine's petition includes a cursory statement that these issues are not time-barred because they are based on newly discovered evidence, significant changes in the law, and/or the fact he only recently discovered these issues, *see* Ariz. R. Crim. P. 32.1(e), (f), (g), he provides no substantive argument to support his claims.  Because Bodine did not state meritorious reasons for his failure to timely raise his claims, the superior court properly dismissed the post-conviction relief proceedings.  *See* Ariz. R. Crim. P. 32.2(b).

¶6        Accordingly, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA