NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEFFREY SCOTT TETRICK, *Petitioner*.

No. 1 CA-CR 16-0182 PRPC
FILED 10-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-140745-001 DT
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Jeffrey Scott Tetrick, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

¶1           Jeffrey Scott Tetrick petitions this court for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2           In June 2015, Tetrick pled guilty to Count 1, possession of dangerous drugs for sale, and amended Count 2, conspiracy to commit possession of dangerous drugs for sale. On July 13, 2015, the superior court sentenced Tetrick to ten years' imprisonment for Count 1. For Count 2, the court suspended sentence and placed Tetrick on five years' supervised probation, to commence upon his release from prison.

¶3           On October 19, 2015, Tetrick filed a notice of post-conviction relief and raised a claim of ineffective assistance of counsel. He did not raise any claims under Rule 32.1(d)-(h). The superior court dismissed the notice as untimely, and this timely petition for review followed. We review for an abuse of discretion the court's denial of post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶4           Tetrick argues his notice of post-conviction relief was timely filed and the court erred in dismissing the Rule 32 proceeding. Rule 32 of-right proceedings must be commenced by filing a notice "within ninety days after the entry of judgment and sentence." Ariz. R. Crim. P. 32.4(a). The ninetieth day after July 13, 2015, was Sunday, October 11, 2015. The next day, Monday, October 12, 2015, was Columbus Day, a legal holiday. Accordingly, Tetrick had until Tuesday, October 13, 2015, to file his notice. *See* Ariz. R. Crim. P. 1.3(a).[1]

¶5           Further, Tetrick is correct that the "prisoner mailbox rule" applies to determining whether his notice was timely filed. *See State v. Goracke*, 210 Ariz. 20, 23, ¶ 10 (App. 2005) (concluding that the prisoner mailbox rule applies to petitions for review). Tetrick is incorrect, however, in applying the prisoner mailbox rule to the facts of this case and concluding that his notice was timely. Under the prisoner mailbox rule, "a

---

[1]     Tetrick maintains that, under Rule 1.3(a), the superior court should have added five additional calendar days to the prescribed ninety-day period of Rule 32.4(a). However, Tetrick was not served with his "Notice of Rights of Review After Conviction and Procedure" pursuant to Arizona Rule of Civil Procedure 5(c)(2)(C) or (D). Instead, he personally received and signed that notice, *see* Ariz. R. Civ. P. 5(c)(2)(A), on July 13, 2015.

*pro se* prisoner is deemed to have filed his notice of appeal at the time *it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court*." *Mayer v. State*, 184 Ariz. 242, 245 (App. 1995) (emphasis added). Tetrick signed the notice and affidavit of indigency on October 14, 2015. Thus, October 14, 2015, was the earliest possible date he could have delivered the notice to the proper prison authorities for forwarding to the superior court. Accordingly, pursuant to the prisoner mailbox rule, Tetrick was at least one day late in filing his notice. A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005) (citation omitted). As a result, the superior court did not abuse its discretion in dismissing the notice.[2]

**¶6**        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]        Ineffective assistance of counsel is not a claim for relief that may be raised in an untimely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b).