NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LOUIS JAMES MANGANIELLO, JR., *Petitioner.*

No. 1 CA-CR 19-0020 PRPC
FILED 9-10-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2008-131377-002
The Honorable Pamela D. Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L Kever
*Counsel for Respondent*

Louis James Manganiello, Jr., Eloy
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

**M c M U R D I E**, Judge:

¶1	Louis James Manganiello, Jr., petitions this court to review the dismissal of his petition for post-conviction relief, filed according to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the request for review and, for the reasons stated, grant review but deny relief.

¶2	Manganiello pled guilty in February 2009 to aggravated taking the identity of another, a class 3 felony. The superior court suspended imposition of the sentence and placed Manganiello on four years of supervised probation to commence upon his discharge from prison in another matter.

¶3	Manganiello was released, and halfway through his probation term, the State petitioned the court to revoke his probation. The State alleged Manganiello violated his probation conditions by continuing to engage in criminal conduct. The court found the allegation proven but reinstated Manganiello to a four-year probation term.

¶4	Approximately four months later, the State alleged Manganiello committed additional criminal offenses and again petitioned to revoke his probation. Before the superior court conducted the revocation proceeding, Manganiello filed a petition for post-conviction relief claiming he was incompetent to plead guilty in 2009 and he lacked the requisite *mens rea* to commit aggravated taking the identity of another. Manganiello also raised an ineffective assistance of counsel claim arguing plea counsel allegedly misstated circumstances surrounding the plea. The court revoked Manganiello's probation and imposed a 3.5-year prison term, and summarily dismissed Manganiello's Rule 32 petition. This petition for review followed.

¶5	"We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶6	The superior court correctly dismissed the Rule 32 proceeding. A notice of post-conviction relief may be summarily dismissed as untimely if it is not filed within 90 days of the entry of judgment, *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999), and Manganiello's challenge to his guilty plea was untimely by almost eight years. None of Manganiello's claims fall under Rule 32.1(d), (e), (f), (g) or (h) and therefore, Rule 32's time

requirement applies. Ariz. R. Crim. P. 32.4(a). Even if his claims could be construed as encompassing an exception to the time bar, Manganiello failed to support his claim. *See* Ariz. R. Crim. P. 32.5(d) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the petition's allegations."). Instead, without further explanation, Manganiello stated he failed to commence timely the Rule 32 proceeding due to "excusable neglect." Excusable neglect does not obviate the jurisdiction bar. *See* A.R.S. § 13-4234(G) ("The time limits [in Rule 32] are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice.").

¶7       We grant review but deny relief.

