NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHARON HOLMES, *Petitioner*.

No. 1 CA-CR 19-0024 PRPC
FILED 9-10-2019

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201701579
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

Sharon Holmes, Mayer
*Petitioner*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

**T H U M M A,** Judge:

**¶1**        Sharon Holmes petitions this court for review from the dismissal of her petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. Having considered the petition for review, this court grants review but denies relief.

**¶2**        Holmes pled guilty to two designated Class 6 felony offenses (attempted unlawful flight from a law enforcement vehicle and resisting arrest) and misdemeanor trespassing in the third degree. In December 2017, the superior court suspended sentence and placed Holmes on supervised probation for three years. Holmes then filed a timely notice of post-conviction relief. After conferring with Holmes and reviewing the record, assigned counsel found no colorable claim for relief. Holmes then proceeded as a self-represented litigant, filing a petition for post-conviction relief that did not comply with Rule 32, which was struck. The court gave Holmes until the end of July 2018 to file a compliant petition. When Holmes failed to file a timely petition, the superior court dismissed her Rule 32 proceeding in August 2018.

**¶3**        In December 2018, Holmes filed a "Notice of Amended Post Conviction Relief and Request for Preparation of PCR Record (Whatever That Is)." The court quickly dismissed this December 2018 petition as untimely. This petition for review followed.

**¶4**        This court reviews the denial of post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012).  Holmes bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

**¶5**        Holmes summarily argues her "right to competent representation [was] violated[,]" but cites no evidence and makes no substantive argument to support her claim. Holmes also mentions a "Habeas Corpus and Jurisdiction issue" that she admits "not know[ing] how to advance," which provides no grounds for relief. Finally, Holmes complains about the conditions of her pre-release conditions in the county jail.

**¶6**        None of Holmes' assertions warrant relief. Ariz. R. Crim. P. 32.2(b) (successive notice of post-conviction relief may only assert claims that fall within Rule 32.1(d), (e), (f), (g), or (h), and must explain why the claim was not stated in the previous petition or in a timely manner); *see, e.g.,* *State v. Rosario,* 195 Ariz. 264, 268 ¶ 23 (App. 1999) ("[A Rule 32] petitioner

must offer some demonstration that the attorney's representation fell below that of the prevailing objective standards . . . [and] some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different.").

**¶7**      The superior court did not abuse its discretion by summarily dismissing Holmes' untimely December 2018 petition. *See* Ariz. Rev. Stat. § 13-4234(G) ("The time limits [in Rule 32] are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice."). Because Holmes fails to show the superior court abused its discretion by dismissing her petition, this court grants review but denies relief.

