IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WYTE YOUNG, JR., *Petitioner*.

No. 1 CA-CR 21-0413 PRPC
FILED 7-5-2022

Petition for Review from the Superior Court in Navajo County
No. S0900CR201500189
The Honorable Michael D. Latham, Visiting Judge from Apache County

**REVIEW GRANTED; RELIEF GRANTED; REMANDED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Mark D. Huston
*Counsel for Respondent*

Wyte Young, Jr., Florence
*Petitioner*

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

**B R O W N**, Judge:

¶1 Wyte Young, Jr., petitions for review of the superior court's summary dismissal, based on timeliness, of his first petition requesting post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 32. Because Young's petition was timely filed under the prisoner mailbox rule, we grant review, grant relief, and remand for further proceedings.

**BACKGROUND**

¶2 In 2017, a jury found Young guilty on one count of attempted first-degree murder, three counts of aggravated assault, and one count of misconduct involving weapons. The superior court sentenced him to concurrent prison terms on all counts, the longest of which is life imprisonment without the possibility of release until he had served at least 35 years. We affirmed his convictions and sentences on direct appeal. *See State v. Young*, 1 CA-CR 17-0413, 2018 WL 6241449, at *1, ¶ 1 (Ariz. App. Nov. 29, 2018) (mem. decision).

¶3 Young timely filed a PCR notice, and the superior court appointed counsel to represent him. Soon thereafter, the court granted Young's request to proceed *pro se*. In April 2021, after Young had asked the court to clarify the filing deadline for his PCR petition, the court issued an order setting a July 26, 2021 due date and warned Young it would grant no further extensions. *See* Rule 32.7(a)(1)(B) (permitting courts to grant defendants in noncapital cases time extensions to file PCR petitions). Consistent with that order, in June and July 2021, the court denied Young's additional requests for time extensions.

¶4 Young then filed his PCR petition, attaching a signed affidavit "attest[ing] that everything . . . in the petition is true and correct" and indicating he had "submitted" his petition on July 26, 2021. The clerk of the superior court, however, did not file stamp his pleading until July 29, 2021. Several days later, and referencing the mailbox rule, Young filed a notice

stating his petition had been submitted to prison officials on "July 26." Nevertheless, the superior court dismissed the PCR proceeding, stating that "no petition had been filed."

**¶5** Young moved for reconsideration, citing *State v. Goracke*, 210 Ariz. 20 (App. 2005), for the proposition that he had timely filed his PCR petition because he had "lawfully submitted" it to prison authorities on the due date. Young again attached an affidavit averring he had delivered his petition to prison authorities on July 26, 2021. In his affidavit, Young provided the name and badge number of the prison officer who received his pleading.

**¶6** In denying the motion to reconsider and affirming the dismissal, the court found that the "rationale of the 'mailbox rule' does not apply to this case" because a deadline had been established for filing the petition, and by Young's "own admission, he did not deliver the petition to [prison] staff to be mailed until July 26, 2021." The court explained "that waiting until the date the petition was due to place it in the [prison] mail system . . . after multiple extensions of time were previously granted and clear deadlines set, was not reasonable and would be an abuse of the 'mailbox rule' rationale if permitted." The court added, by way of example, that it would have accepted his filing as timely had he "delivered his petition to [prison] staff by July 24, 2021[,] and [the clerk's office] had not received it until July 29, 2021," reasoning Young would have in that instance "acted diligently and made a good faith effort to comply" with the deadline. Young timely petitioned this court for review.

## DISCUSSION

**¶7** We will not disturb the superior court's ruling on a PCR petition absent an abuse of discretion, which includes committing an error of law. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). Young argues the superior court erred by refusing to apply the mailbox rule in his case. In response, the State agrees that the rule applies to PCR petitions, but "takes no position" on whether Young's petition was timely filed under that rule and defers to this court on whether an evidentiary hearing is necessary to determine the date of mailing.

**¶8** Under the prisoner mailbox rule, *pro se* prisoners are deemed to have filed legal documents if the filing is properly addressed and has been delivered "to the proper prison authorities to be forwarded to the clerk of the . . . court." *Mayer v. State*, 184 Ariz. 242, 245 (App. 1995). We have

applied the mailbox rule to the filing of notices of appeal, *id.*; PCR notices, *State v. Rosario*, 195 Ariz. 264, 266, ¶ 10 (App. 1999); and petitions for review, *Goracke*, 210 Ariz. at 23, ¶ 13. We see no reason to treat PCR petitions differently. *See Goracke*, 210 Ariz. at 22–23, ¶¶ 8, 10 (finding the considerations in applying the rule to a notice of appeal and a PCR notice are the same as those for a petition for review); *Rosario*, 195 Ariz. at 266, ¶ 10 (explaining the rule's rationale is that *pro se* prisoners are unable to ensure pleadings are timely filed because they cannot personally file pleadings in the clerk's office or directly place pleadings in the mail). Therefore, assuming Young delivered his PCR petition to prison authorities on July 26, 2021, his petition must be considered timely filed.

**¶9** We next address whether the record presents an issue of fact requiring a remand to determine if Young complied with the mailbox rule. *See Mayer*, 184 Ariz. at 245 ("When there is no clear record as to when the [filing] was delivered to prison authorities, the proper course of action is to remand to the trial court to make this determination."). *Goracke* is instructive in resolving that issue. 210 Ariz. at 21, ¶¶ 2–3.

**¶10** In *Goracke*, after we denied an incarcerated petitioner relief in a PCR proceeding, he sought review by the Arizona Supreme Court. *Id.* at 21, ¶¶ 3–4. The petitioner requested several time extensions, and this court eventually set an August 30, 2004, deadline for him to file his petition for review. *Id.* at 21–22, ¶ 4. When he ultimately filed his petition, it was dated August 30, 2004, but the clerk's office received it three days later. *Id.* The petitioner had attached to his filing a "Proof/Certificate of Service" stating he placed the petition in the prison mail system on the due date. *Id.*

**¶11** After concluding the mailbox rule applies to petitions for review, we deemed the petition timely filed, explaining that the record before us sufficiently supported the petitioner's allegation that he had tendered his filing to prison authorities by the deadline. *Id.* at 23, ¶¶ 10–12. We relied on the following factors in declining to remand for an evidentiary hearing: (1) the mailing certificate stated that "on August 30, 2004, [the petitioner had] placed this Petition for Review in the institutional mail"; (2) the clerk received the petition three days later, reflecting "a time frame consistent with petitioner's certification"; and (3) the State cited "no facts that would indicate the petition was not tendered on the date indicated." *Id.* at 23, ¶ 12.

**¶12** As the State acknowledges, those factors—including the same three-day delay—are also present here and thus support a finding, based

solely on the current record, that Young likewise timely filed his petition. Nevertheless, without disputing his factual allegations, the State asks us to consider that unlike the situation in *Goracke*, Young's "[p]etition did not include any official documentation to verify that it was provided to prison staff on July 26, 2021." The State suggests that Young should have further supported his allegations by providing proof of service or a copy of the mail log showing when he delivered his filing.

**¶13** Even assuming the better practice would have been for Young to provide the listed items, the State has not disputed Young's assertion that he gave his PCR petition to prison authorities on the due date. Nor has the State requested an evidentiary hearing or otherwise suggested the current record is insufficient for us to decide whether his filing was timely. *See Mayer*, 184 Ariz. at 245; *cf. Goracke*, 210 Ariz. at 23, ¶ 11 (noting the State argued that the record did not clearly show the filing had been submitted to prison authorities by the deadline). Accordingly, in the absence of any conflicting facts or inferences suggesting the factual allegations contained in Young's affidavit are not accurate, and because the clerk's office received his pleading in a time frame consistent with Young's assertions, we conclude that Young's petition was timely filed.

## CONCLUSION

**¶14** We vacate the superior court's dismissal order and remand for consideration of the merits of Young's petition.



AMY M. WOOD • Clerk of the Court
FILED:     AA