NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHERDON DORSHEA MITCHELL, *Petitioner*.

No. 1 CA-CR 25-0337 PRPC

FILED 03-18-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2021-003151-001
The Honorable Monica Edelstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Kyle Kinkead
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

_____

**M O R S E**, Judge:

**¶1**         Cherdon Dorshea Mitchell ("Mitchell") petitions for review of the dismissal of his first petition for post-conviction relief. He argues he is entitled to relief based on ineffective assistance of counsel. We grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Mitchell pled guilty to second-degree murder, in exchange for the state agreeing to adjust the potential the sentencing range from 10–25 years to 12–20 years. After entering a guilty plea, Mitchell unsuccessfully tried to withdraw from the plea agreement.

**¶3**         Mitchell retained new counsel for sentencing. His counsel filed a sentencing memorandum which asserted the following mitigating factors: remorse and acceptance of responsibility, mental-health history, lack of a violent prior criminal record, and strong family support. However, his counsel also asserted in the sentencing memorandum that Mitchell's then-counsel coerced Mitchell into taking a plea agreement he did not want, and that the superior court improperly refused to let Mitchell withdraw from the plea agreement. At the sentencing hearing, Mitchell's counsel briefly addressed each of the mitigating factors from the sentencing memorandum but discussed at length his belief that Mitchell should have been allowed to withdraw from the plea agreement. The superior court found two aggravating factors: emotional harm suffered by the family and prior felonies, and two mitigating factors: acceptance of responsibility and mental-health issues. After finding that the aggravating factors outweighed those in mitigation, the superior court sentenced Mitchell to a slightly aggravated term of 18 years in prison.

**¶4**         Mitchell filed for post-conviction relief under Arizona Rule of Criminal Procedure 33. He raises an ineffective-assistance-of-counsel claim, arguing that his counsel at sentencing inappropriately accused the State, Mitchell's former counsel, and the superior court of misconduct and

2

failed to argue the applicable mitigating factors sufficiently. In support of his claims, Mitchell attached his counsel's state bar disciplinary records showing he had been disciplined for similar behavior in the past.

**¶5**        The superior court summarily dismissed Mitchell's petition and held he had not established either part of the *Strickland* test for ineffective-assistance-of-counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The superior court explained that Mitchell's counsel addressed the appropriate mitigating factors at sentencing, and that his other comments at sentencing did not make his performance deficient. The superior court explicitly noted it refused to consider Mitchell's counsel's disciplinary history because it was "both irrelevant and unnecessary to evaluate Counsel's performance in the context of this case."

**¶6**        Mitchell seeks review of the dismissal of his petition. We have jurisdiction under Arizona Rule of Criminal Procedure 33.16 and A.R.S. § 13-4239.

## DISCUSSION

**¶7**        We review the dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is the petitioner's burden to establish the superior court abused its discretion. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021).

**¶8**        To bring an ineffective-assistance-of-counsel claim, a defendant must show both that counsel's performance was deficient and that the defendant was prejudiced as a result. *Strickland*, 466 U.S. at 687. A counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Id.* at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). To establish prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**¶9**        Mitchell's sentencing counsel addressed several mitigating factors at the sentencing hearing including Mitchell's mental health, family support, employment, remorse, and the nonviolent nature of Mitchell's past offenses. When Mitchell's sentencing counsel discussed his disagreement with the superior court's decision to deny Mitchell's request to withdraw

his guilty plea, counsel did so to argue for leniency for his client. Mitchell's sentencing counsel indicated he felt the plea deal was unfair and said the court should "accept the reality of what happened in this process" and consider Mitchell's desire to withdraw from the plea agreement as a mitigating factor.

¶10      The superior court held that Mitchell did not meet either prong of the *Strickland* test. We agree. Mitchell's complaints about how his sentencing counsel presented the mitigating factors represent a mere disagreement over strategy which does not rise to the level of ineffective assistance of counsel. *See State v. Meeker*, 143 Ariz. 256, 260 (1984) ("Disagreements as to trial strategy or errors in trial will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis."). Mitchell's sentencing counsel addressed several types of mitigating evidence, and the superior court ultimately found two mitigating factors. Mitchell's argument that a different presentation by his sentencing counsel would have changed his sentence is speculative at best and cannot establish prejudice. *See State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999) (explaining a showing of prejudice requires more than "mere speculation").

¶11      The superior court did not abuse its discretion by declining to consider the evidence of Mitchell's sentencing counsel's state bar disciplinary record. The reasonableness of a counsel's conduct must be evaluated on a case-by-case basis. *See Strickland*, 466 U.S. at 688–89 ("No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant."). Examining sentencing counsel's past conduct in unrelated proceedings does not provide any insight into the reasonableness of his conduct in this case.

## CONCLUSION

¶12      Mitchell has failed to establish the superior court abused its discretion by dismissing his petition. We grant review and deny relief.

