NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHANIE ROSE RAMIREZ, *Petitioner*.

No. 1 CA-CR 14-0858 PRPC
FILED 3-28-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-006194-003
The Honorable Randall H. Warner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Stephanie Rose Ramirez, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding
Judge Peter B. Swann and Judge Kent E. Cattani joined.

**K E S S L E R,** Judge:

¶1        Stephanie Rose Ramirez petitions this Court to review the superior court's dismissal of her petition for post-conviction relief. After considering the petition for review, we grant review but deny relief.

¶2        A jury found Ramirez guilty of second degree murder and two counts of conspiracy to commit aggravated assault, all dangerous offenses.  The trial court imposed mitigated and concurrent terms of imprisonment, the longest of which was twelve years for the murder conviction.  On direct appeal, Ramirez argued the trial court erred in admitting evidence that her brother had been in prison.  This Court rejected that argument but vacated one of the conspiracy convictions due to double jeopardy, and affirmed Ramirez's remaining convictions and sentences. *State v. Ramirez*, 1 CA-CR 11-0796, 2013 WL 1632145 (Ariz. App. April 16, 2013) (mem. decision).

¶3        Thereafter, Ramirez petitioned the trial court for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32"), alleging constitutional issues arising from the police investigation, a purported warrantless search and seizure of her cell phone, the State's alleged reliance on perjured testimony at trial, and ineffective assistance of counsel.  The trial court dismissed the petition, finding that all claims, except the ineffective assistance of counsel (IAC) claim, were precluded by Rule 32.2(a) because they could have been raised in Ramirez's direct appeal. The court rejected the IAC claim because Ramirez could not show that counsel's performance fell below objectively reasonable standards. The court further noted, "This court presided over the trial and finds further that Defendant received a fair trial." This timely petition for review followed.

¶4        Ramirez argues she was entitled to post-conviction relief based on ineffective assistance of trial and appellate counsel; the inadequacy of the police investigation that led to her arrest and convictions; the warrantless search and seizure of her phone; and the State's knowing reliance on "perjured" testimony at trial.

¶5        "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

¶6        As an initial matter, the only issue properly before us is Ramirez's IAC claim regarding her trial counsel.  In her petition for PCR,

Ramirez did not raise an IAC claim with respect to appellate counsel; thus, we do not consider the alleged insufficiency of appellate counsel. *State v. Wagstaff*, 161 Ariz. 66, 69 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Additionally, as the superior court correctly determined, Ramirez's objections to the police investigation, the search and seizure of her phone, and the purported perjury at trial could have been raised in her direct appeal, and, therefore, were not a proper basis for PCR relief. Ariz. R. Crim. P. 32.2(a).

**¶7**        To state a colorable IAC claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541 (1985). The burden is on the petitioner seeking post-conviction relief to show ineffective assistance of counsel, and the showing must be that of a provable reality, not mere speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

**¶8**        Ramirez offers no support for her claim regarding trial counsel; she speculatively asserts, without referring to the record, that counsel's failure to create a "time line" of the events surrounding the homicide amounted to ineffective assistance. She also speculates that trial counsel ineffectively assisted her by failing to file motions in limine, or object at trial, challenging (1) the inculpatory evidence police discovered during the warrantless search of her cell phone and (2) the allegedly perjured testimony. However, "[D]isagreements [over] trial strategy will not support a claim of ineffective assistance of counsel, provided the challenged conduct had some reasoned basis." *State v. Vickers*, 180 Ariz. 521, 526 (1994).

**¶9**        Here, trial counsel's apparent failure to challenge the admissibility of the cell phone evidence or to impeach witnesses with prior inconsistent statements were tactical decisions, and Ramirez does not meet her burden to establish otherwise. Ramirez does not cite any portion of the record supporting her premise that the phone search was conducted without a lawful warrant; thus, she is unable to establish that a motion to preclude evidence discovered on the phone would be successful. Nor does Ramirez provide citations to the record that indicate counsel failed to challenge "perjured" testimony, and she offers no factual basis from the record or from affidavits to establish false testimony was, in fact, presented

at trial. *See State v. Goswick*, 142 Ariz. 582, 585 (1984) (in context of an IAC claim, there is no sufficient factual basis to support an allegation based on defendant's self-serving affidavit when other affidavits from third-parties are not presented). Finally, Ramirez does not sufficiently argue that the result of her trial would have been different had trial counsel challenged the evidence in the manner she posits. *See* Ariz. R. Crim. P. 32.9(c)(1) (stating a petition for review shall contain the facts material to a consideration of the issues presented, the reasons why the petition should be granted, and specific references to the record.). As a result, Ramirez fails to demonstrate ineffective assistance of counsel, let alone ineffective assistance of counsel that prejudiced her. Consequently, the superior court did not abuse its discretion in dismissing the ineffective assistance of counsel claim. *See State v. Borbon*, 146 Ariz. 392, 399 (1985) (explaining a trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel).

¶10         For the reasons stated, we grant review, but deny relief.

