NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

JESUS MANUEL BRISENO, *Petitioner.*

No. 1 CA-CR 16-0536 PRPC
FILED 8-3-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-158515-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

The Nolan Law Firm, PLLC, Mesa
By Cari McConeghy Nolan, Todd E. Nolan
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1      Jesus Manuel Briseno petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2      In 2011, a jury convicted Briseno of two counts of manslaughter, five counts of aggravated assault, and one count of endangerment arising from an automobile collision in which two persons died and six others were injured. The superior court sentenced Briseno to prison on all counts for a total of 30.75 years. This court affirmed the convictions and sentences in *State v. Briseno*, 1 CA-CR 11-0665, 2013 WL 3516536 (Ariz. App. Jul. 9, 2013) (mem. decision). Although the facts are fully set forth in that decision, we set forth facts material to this proceeding.

¶3      Briseno ran a red light and collided with oncoming traffic, resulting in six injuries and two deaths. After the collision, Briseno admitted that he was the driver. However, after learning of the fatalities, he denied driving the vehicle. Later, during a video recorded confession, he "came clean" and admitted that he was the driver.[1] DNA from a bloodstain on the driver's side airbag did not match Briseno's DNA. After the collision, all three occupants in Briseno's vehicle, including Briseno, were injured and possibly bleeding. The occupants exited through the driver's side door. At trial, the State introduced "occupant kinematics"[2] evidence to support its case that Briseno was the driver. The State had not previously disclosed this evidence in violation of the discovery rules.

---

[1]      After his convictions, Briseno changed his story again. He told the presentence report writer that he was not the driver. He said he had only told police that he had been driving to protect a loved one.

[2]      In general, occupant kinematics refers to the predictable movement of bodies and objects in a moving vehicle as a result of directional forces. *See, e.g.*, *State v. Baltzell*, 175 Ariz. 437, 441 (App. 1992).

¶4        Briseno filed a timely notice of post-conviction relief (PCR) and a supporting petition.  He raised claims of ineffective assistance of counsel (IAC), and a claim of cruel and unusual punishment.  Specifically, he argued that counsel's advice to reject a plea agreement and proceed to trial when the state's evidence was strong, and counsel's untimely objection at trial to the testimony regarding occupant kinematics, was deficient performance which resulted in prejudice.  He also argued that the proportionality review of individual sentences as set forth in *State v. Berger*, 212 Ariz. 473 (2006), is inadequate because it fails to consider the "cumulative impact" of consecutive sentences, thus denying him a "fundamental right."  After the State filed its response, and Briseno his reply, the superior court set an evidentiary hearing.

¶5        Briseno, his father, and Briseno's trial counsel, Barry Handler, testified at the hearing.  Briseno testified that he knew whether to accept the plea agreement was his decision, but that he had rejected the State's plea offer, which stipulated to a total prison sentence of 14 years, based on counsel's advice.  He testified that counsel advised him not to take the plea because DNA taken from the driver's side airbag after the collision did not match his DNA.  He argued that the occupant kinematic evidence at trial destroyed his defense that he was not the driver.  Briseno testified that he would have accepted the State's plea deal had counsel advised him of the occupant kinematic evidence prior to trial.

¶6        Counsel testified that Briseno decided to reject the plea because it required a 14-year prison term, and Briseno did not believe that he was at fault for the collision.  Counsel testified that in his opinion the case was not defensible, but that Briseno was adamant about not accepting a plea agreement.

¶7        After the hearing, the parties filed written closing arguments.  The superior court noted that Briseno's "argument has shifted since he filed his Petition for Post-Conviction Relief on June 2, 2014.  He initially argued in his pleading that trial counsel [was ineffective because counsel] advised him to reject the plea offer" and proceed to trial notwithstanding strong evidence of his guilt.  After the hearing, Briseno "seems to now argue that the failure by his attorney to advise him of or to address the occupant kinematics evidence, although it was raised for the first time by the State during trial, resulted in Petitioner rejecting a favorable plea offer."

¶8        The superior court did "not find Petitioner's testimony credible that he wanted to accept the plea, nor Petitioner and his father's testimony credible that Mr. Handler instructed Petitioner to reject the plea."

As to counsel's failure to discuss the occupant kinematics evidence with Briseno before trial, the court found that trial counsel had not been ineffective because he could not discuss with Briseno the issue of occupant kinematics when it had not been disclosed prior to trial. The court denied relief, and this petition for review followed.

¶9        Absent an abuse of discretion, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Briseno fails to show an abuse of discretion.

¶10        The superior court noted that Briseno cited no authority for the proposition that "a lawyer is ineffective if he learns of the State's evidence to be used against his client after the expiration of the plea and *during* trial, nor is the Court aware of any such precedent." The court found that "the record is clear that trial counsel did not commit an unprofessional error as he could not discuss with Petitioner the issue of occupant kinematics when it was never disclosed pretrial by the State." Briseno does not present any persuasive argument or authority to establish that the court abused its discretion, and we find none.

¶11        Acknowledging that the occupant kinematics evidence was not disclosed prior to trial, Briseno now argues that counsel should have anticipated the State's use of occupant kinematics evidence at trial, and that he should have discussed this evidence with Briseno before he decided to reject the plea. Briseno argues that if counsel had done so, he would have accepted the plea. This issue was not presented to the superior court, and may not now be presented in the petition for review. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (limiting the petition for review to "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review."); *see also State v. Vera*, 235 Ariz. 571, 573-74, ¶ 8 (App. 2014) (citing *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980)). Even if this issue had been raised, Briseno did not present any evidence to the superior court that the failure to anticipate the State's use of occupant kinematics evidence at trial constituted ineffective assistance. The burden is on the petitioner to show ineffective assistance of counsel, and the showing must be that of a provable reality, not mere speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

¶12        As to the claims that counsel's late objection to the occupant kinematic evidence at trial was ineffective, and that the cumulative impact of his sentences is cruel and unusual punishment, Briseno has waived these issues by failing to argue them. It is not enough to incorporate by reference

any issue or argument. Petitioner must set forth the claim with record references and argument. *State v. Bortz*, 169 Ariz. 575, 578 (App. 1991).

**¶13**         Even if the issues had been properly presented, Briseno would not be entitled to relief.[3] Briseno failed to demonstrate prejudice on the IAC claim. He argues that had counsel filed a motion or timey objected, the court might have precluded the evidence. This is mere speculation and does not support the claim. *Rosario,* 195 Ariz. at 268, ¶ 23.

**¶14**         Finally, Briseno's cruel and unusual punishment claim is precluded because it could have been raised on direct appeal. Ariz. R. Crim. P. 32.2(a)(3).

**¶15**         We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]         To the extent the petition for review can be read to present Briseno's original IAC claim — that counsel's advice to reject a plea and proceed to trial notwithstanding the strength of the State's case – the claim fails. Counsel testified that he did not advise Briseno to reject the plea agreement. He testified that it was Briseno's decision not to accept the plea agreement.