NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BORIS VIDOVIC, *Petitioner*.

No. 1 CA-CR 13-0152 PRPC
FILED 08-14-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2011-006846-001
No. CR2011-008293-001
No. CR2011-143011-001
No. CR2011-156392-002

The Honorable Barbara L. Spencer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur Hazelton
*Counsel for Respondent*

G. David DeLozier, Phoenix
By G. David DeLozier
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**T H U M M A**, Judge:

¶1          Defendant Boris Vidovic pled guilty in three cases to aggravated assault, possession of narcotic drugs for sale, attempted armed robbery and eight counts of armed robbery. Pursuant to the terms of the written plea agreements, the superior court sentenced Vidovic to concurrent prison terms, the longest of which was 20 years, and dismissed a fourth case. Vidovic filed a consolidated petition for post-conviction relief of-right which the superior court summarily dismissed. On Vidovic's timely petition for review, this court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶2          Vidovic first argues his trial counsel was ineffective when he advised Vidovic to accept plea agreements with stipulated prison terms. He further argues the stipulated terms of 20 years' imprisonment for each count of armed robbery are grossly disproportionate to the sentences of his co-defendant as well as similarly situated defendants.

¶3          To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶4          Vidovic has failed to present a colorable claim of ineffective assistance of counsel. The parties are free to negotiate and agree on "any" aspect of a case in a plea agreement, including to stipulated sentences. *See* Ariz. R. Crim. P. 17.4(a); *Espinoza v. Martin*, 182 Ariz. 145, 147, 894 P.2d 688, 690 (1995). While the superior court is free to reject a plea if it determines a sentencing provision is inappropriate, Ariz. R. Crim. P. 17.4(d), there is nothing unconstitutional about stipulated sentences within the range permitted by law, *Espinoza*, 182 Ariz. at 147, 894 P.2d at 690. While Vidovic further claims the State would have made more favorable offers if trial

counsel had done a better job of negotiating and/or providing the State with mitigating evidence, he offers nothing but speculation to support this claim. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 23, 987 P.2d 226, 230 (App. 1999) (noting burden to show an ineffective assistance of counsel claim "is on the petitioner and the showing must be that of a provable reality, not mere speculation").

¶5 Regarding Vidovic's claim that the 20 year sentences for armed robbery are grossly disproportionate to the sentences imposed for his co-defendant as well as similarly situated defendants, the Eighth Amendment bars cruel and unusual punishment. *See State v. Berger*, 212 Ariz. 473, 475 ¶ 8, 134 P.3d 378, 380 (2006). In a noncapital setting, this means that the sentence imposed may not be "grossly disproportionate" to the crime. *Id.* at 475 ¶ 10, 134 P.3d at 380. In that analysis, "a court first determines if there is a threshold showing of gross disproportionality by comparing 'the gravity of the offense [and] the harshness of the penalty.'" *Berger*, 212 Ariz. at 476 ¶ 12, 134 P.3d at 381 (quoting *Ewing v. California*, 538 U.S. 11, 28 (2003)). In doing so, the court "must accord substantial deference to the legislature and its policy judgments as reflected in statutorily mandated sentences." *Berger*, 212 Ariz. at 476 ¶ 13, 134 P.3d at 381. If the Legislature has reasonable grounds to believe that a sentence advances the goals of Arizona's criminal justice system in "any substantial way," and the sentence "arguably furthers the State's penological goals and thus reflects 'a rational legislative judgment, entitled to deference,'" a sentence is not grossly disproportionate and the inquiry ends. *Id.* at 477 ¶ 17, 134 P.3d at 382 (quoting *Ewing*, 538 U.S. at 28, 30). It is "exceedingly rare" that a sentence in a noncapital case will be grossly disproportionate. *Id.* Finally, even a sentencing scheme that is not grossly disproportionate in its general application can result in a grossly disproportionate sentence in application. *Id.* at 481 ¶ 39, 134 P.3d at 386.

¶6 Vidovic has failed to present a colorable claim of gross disproportionality. First, Vidovic stipulated to the imposition of 20 year sentences as terms of the plea agreements. He raised no objection when he entered his pleas containing those terms nor when the superior court sentenced him to those terms as contemplated by the written plea agreements. Further, he does not contest that a 20 year sentence is within the range of sentences available for armed robbery and does not assert that a 20 year sentence is disproportionate to the offense itself. *See* Arizona Revised Statutes (A.R.S.) section 13-704(A) (2011).

¶7 Second, even if Vidovic had not stipulated to the 20 year sentences, he has failed to present a colorable claim of gross

disproportionality. Vidovic claims his co-defendant participated in many of the armed robberies and was just as culpable if not more so based on his actions when pursued by police, yet the co-defendant received three concurrent sentences of 10.5 years in prison (a factual assertion this court accepts as true but that is not supported by evidence in the record). The record shows the co-defendant participated in several of the armed robberies, but only as the driver of the vehicle in which Vidovic eventually left the scene. The co-defendant did not personally rob six different pharmacies at simulated gunpoint and victimize the employees. Accordingly, Vidovic's 20 year sentences for armed robbery are not grossly disproportionate to those of his co-defendant.

¶8        In regard to similarly situated defendants, Vidovic argues his sentences are grossly disproportionate because his survey of convictions for armed robbery during the previous five years shows most of the defendants received sentences that averaged roughly 10 years in prison. The survey, however, is not a complete survey of sentences for aggravated assault; does not identify the county or counties in which the convictions occurred and is limited without explanation to "multi-defendant cases" as well as cases that involved both armed robbery and aggravated assault. Vidovic's cases, however, did not always involve both offenses. Vidovic also offers nothing to demonstrate that any of those cases presented facts and circumstances similar to Vidovic's cases, or that those particular defendants were similarly situated to Vidovic as far as sentencing considerations. Finally, the survey itself identifies defendants who received sentences of 17.75 and 18 years in prison for armed robbery. That Vidovic received statutorily permitted sentences two years longer does not render his sentences grossly disproportionate.

¶9        While the petition for review to this court presents additional issues and arguments, Vidovic did not raise those issues and arguments in the petition for post-conviction relief he filed with the superior court. A petition for review may not present issues and arguments not first presented to the superior court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶10        For these reasons, this court grants review but denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh