NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CARLOS ALVAREZ, *Petitioner*.

No. 1 CA-CR 15-0256 PRPC
FILED 3-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2001-010975
The Honorable Robert L. Gottsfield, Judge, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Carlos Alvarez, Florence
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

J O H N S E N, Judge:

**¶1**      Carlos Alvarez petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**      A jury found Alvarez guilty in 2002 of three felony offenses, and the superior court imposed consecutive prison terms of life, 17 years and 10 years.  On March 25, 2003, this court modified the prison sentences, ordering two of the sentences to run concurrently.  In all other respects, Alvarez's convictions and sentences were affirmed.

**¶3**      Over the course of the ensuing 11 years, Alvarez unsuccessfully petitioned the superior court four times for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure 32.  In his most recent petition, Alvarez raised a claim of ineffective assistance of counsel ("IAC"), arguing his trial counsel was ineffective by coercing him into rejecting a plea agreement the State offered.  The superior court summarily dismissed the petition, finding the IAC claim was untimely and precluded.  *See* Ariz. R. Crim. P. 32.4(a) (establishing time limits for commencing Rule 32 proceedings).  This petition for review followed.[1]

**¶4**      Alvarez appears to argue that the superior court erred in dismissing his petition without addressing the merits of the claim.  We review for an abuse of discretion.  *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

**¶5**      Any claim that could have been (or was) raised in an earlier PCR proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  Preclusion does not apply to claims raised under Rule 32.1(d), (e), (f), (g) or (h).  Pursuant to Rule 32.4(a), Alvarez's petition for PCR was untimely, he did not raise a claim under Rule 32.1(d), (e), (f), (g) or (h), and he could have raised the

---

[1]      We assume without deciding that the petition for review was timely. *See State v. Rosario*, 195 Ariz. 264 (App. 1999).

IAC claim in his first petition for PCR. Accordingly, the superior court did not abuse its discretion in summarily dismissing the petition.[2]

¶6      For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]     To the extent Alvarez argues the superior court erred in determining that *Missouri v. Frye*, 566 U.S. 133 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), did not reflect a significant change in law that would have permitted him to untimely seek relief on his IAC claim, we disagree. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).