NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROHN DWAYNE SWATSENBURG, *Petitioner*.

No. 1 CA-CR 17-0568 PRPC
FILED 3-22-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-418126-001
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

¶1            Rohn Dwayne Swatsenburg petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. We have considered the petition for review and the response and, for the reasons stated, grant review but deny relief.

¶2            Swatsenburg was indicted in 2013 on three charges of sexual conduct with a minor, two charges of contributing to the delinquency of a minor and one charge of misdemeanor assault.  The victim of each charged offense was the same child.  The offenses allegedly took place between 1989 and 2005.  Swatsenburg pled guilty to one count of molestation of a child, a Class 2 felony and dangerous crime against children, and two counts of attempted molestation of a child, each a Class 3 felony and dangerous crime against children, stipulating to a sentence of prison time within the statutory sentencing range on the Class 2 felony and lifetime probation on the others.

¶3            At both the settlement conference and the change-of-plea hearing, the superior court advised Swatsenburg of the applicable sentencing ranges.  Swatsenburg responded that he understood the ranges.  Before the sentencing hearing, Swatsenburg's counsel filed a memorandum asking for a mitigated sentence, citing Swatsenburg's military service, acceptance of responsibility, age, positive risk assessment and polygraph results that showed no other victims.  Counsel also explained that Swatsenburg had a learning disability and was sexually abused by an adult when he was a child.  In addition, counsel told the court that Swatsenburg suffered a serious head trauma during his military service that resulted in a five-month hospitalization and continuing seizures and suicidal ideation.  At sentencing, Swatsenburg's counsel emphasized that his client had confessed to the crimes.  Counsel further explained that Swatsenburg was "lower functioning, mentally" and "does process information in a different manner."  Swatsenburg's wife spoke, described his family support and asked for a mitigated sentence.  The court also heard a videotaped

statement by the victim, who by then was an adult living out of state. The victim's mother stated that unfortunately, the counseling her daughter received after the abuse was not from credentialed providers, and stated that her daughter married a sex offender.

¶4 The court sentenced Swatsenburg to an aggravated term of 20 years' flat time. In imposing sentence, the court stated it had considered the emotional harm suffered by the victim, the long period of time over which the abuse occurred and the violation of trust Swatsenburg had caused. On the other hand, the court stated it also considered that Swatsenburg was genuinely remorseful; that he had turned himself in to authorities and agreed to enter a plea to spare the victim from having to testify; his age; that he suffered from mental and physical health issues including seizures; and that there were no other victims of his abuse.

¶5 Swatsenburg filed a timely notice of post-conviction relief. After review, appointed counsel stated that he could find no colorable claims to raise in a petition for relief. Swatsenburg then filed a *pro per* petition for relief, claiming ineffective assistance of counsel and alleging his trial attorney had failed to properly advise him of the sentencing ranges for the offenses and at sentencing had failed to present mitigating evidence of his seizures and his minimal risk to re-offend. Swatsenburg also claimed that at sentencing, his attorney presented insufficient detail of his physical and mental health issues and did not challenge the statements of the victim's mother. The State filed a response asserting that Swatsenburg had failed to demonstrate that his counsel was ineffective, given that his counsel had offered mitigation evidence at sentencing; that his claims of ineffective assistance did not attack the validity of the plea; and that any claims of ineffective assistance before the plea were not viable. The State further argued that Swatsenburg could not show he was prejudiced by any purported ineffective assistance of counsel. The superior court summarily dismissed the petition, stating it agreed with the State's arguments.

¶6 In his petition for review, Swatsenburg argues the superior court abused its discretion in dismissing his petition for relief without an evidentiary hearing. Swatsenburg asserts his counsel was ineffective because he failed to properly and thoroughly advise him of the sentencing ranges he faced, did not present mitigating evidence at sentencing and failed to address comments by the victim's mother at sentencing.

¶7 Absent abuse of discretion, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). To state a colorable claim of

ineffective assistance of counsel, Swatsenburg must show that his counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692-93 (1984). A colorable claim is one that, if the allegations are true, would probably have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 219-20, ¶¶ 10-11 (2016). If a petitioner fails to make a sufficient showing on either prong of the *Strickland* test, the superior court need not address the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶8 Swatsenburg presented nothing beyond his own unsupported assertions to show that his counsel was ineffective. To begin with, nothing in the record supports any contention that he misunderstood the applicable sentencing ranges. The sentencing ranges were thoroughly discussed at both the settlement conference and the change-of-plea hearing, and, in response to questions from the judge, Swatsenburg said he understood them. There is no indication that he did not enter his plea knowingly, intelligently and voluntarily. Even if his lawyer was initially mistaken about the sentencing ranges he faced, as Swatsenburg alleges but has not proved, Swatsenburg cannot show any prejudice. *See State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999) (petitioner alleging ineffective assistance of counsel must offer more than "mere speculation").

¶9 The record also refutes Swatsenburg's claim that his counsel failed to present mitigating evidence. As detailed above, his lawyer argued several mitigating factors at sentencing. Swatsenburg also spoke on his own behalf at sentencing, discussing his mental health and physical challenges. As for his contention that his lawyer should have addressed the impression left by testimony by the mother of the victim that the victim had not received receive family support, Swatsenburg fails to show that he was prejudiced as a result. Indeed, the superior court specifically noted on the record that it had not aggravated Swatsenburg's sentence based upon the mother's testimony and that it was not using that against him.

¶10      "[A] petition that fails to state a colorable claim may be dismissed without an evidentiary hearing." *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016). Because Swatsenburg has failed to present any colorable claims of ineffective assistance of counsel, the superior court did not abuse its discretion by summarily dismissing the petition without a hearing.

¶11      For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA