NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM HARTWELL, *Petitioner*.

No. 1 CA-CR 24-0420 PRPC

FILED 11-25-2025

Appeal from the Superior Court in Maricopa County
No. CR 2015-001482-001
The Honorable David W. Garbarino, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

¶1 William Hartwell petitions for review of the superior court's summary dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2 Hartwell owned a studio he claimed provided "models" and other equipment to create pornography. *State v. Hartwell*, 1 CA-CR 17-0577, 2019 WL 1758429, *1 ¶ 3 (Ariz. App. Apr. 18, 2019) (mem. decision). Following an undercover investigation, detectives discovered that Hartwell advertised for escort services on websites associated with prostitution, marketing the "models" by their physical appearance and willingness to engage in various sexual acts. *Id.* at *1 ¶ 4. The postings lacked any reference to pornography and the business did not have an active website for posting pornographic materials. *Id.* at *1 ¶¶ 4, 6. Hartwell also required the "models" to engage in sexual acts with him, sometimes forcefully. *Id.* at *1 ¶ 7. A jury convicted Hartwell of two counts of conspiracy to commit illegal control of an enterprise and one count each of illegal control of an enterprise, illegally conducting an enterprise, pandering, operating or maintaining a house of prostitution, receiving the earnings of a prostitute, sexual assault, aggravated assault, and sex trafficking.

¶3 On direct appeal Hartwell argued that the superior court erred by (1) denying his motion for a judgment of acquittal under Rule 20, (2) preventing him from presenting a defense under the First Amendment, (3) denying his motion to dismiss which relied on the First Amendment to argue that Arizona's prostitution-related statutes are unconstitutionally overbroad, (4) denying his motion to sever certain offenses, (5) denying his motion for a mistrial, and (6) precluding recordings he claimed supported his testimony. *Id.* at *2–5 ¶¶ 10, 14, 17, 21, 25, 29. Finding no error, this Court affirmed his convictions and sentences. *Id.* at *5 ¶ 33.

¶4            Hartwell petitioned for post-conviction relief under Rule 32 claiming that his conduct was "protected by the First Amendment," "prosecutorial misconduct deprived [him] of a fair trial," he received ineffective assistance of trial and appellate counsel, and "newly-discovered evidence exists." *See* Ariz. R. Crim. P. 32.1. The superior court found that he failed to present a colorable claim and summarily dismissed the petition. *See* Ariz. R. Crim. P. 32.11(a). The court ruled that his First Amendment claim was precluded by his direct appeal, that he failed to meet the required showing for prosecutorial misconduct or ineffective assistance of counsel, and that the alleged newly discovered evidence was not material.

¶5            Hartwell now petitions this Court for review, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes Section 13-4239(C), and Rule 32.16.

## DISCUSSION

¶6            "We will not disturb the superior court's ruling on a [post-conviction relief] petition absent an abuse of discretion or error of law." *State v. Evans*, 252 Ariz. 590, 594 ¶ 7 (App. 2022). The petitioner bears the burden of showing that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We will affirm the superior court's ruling if it is "legally correct for any reason." *See State v. Perez*, 141 Ariz. 459, 464 (1984). Hartwell argues that the superior court erred in dismissing his petition and re-raises his claims related to the First Amendment, prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence.

### I.      First Amendment

¶7            Hartwell's First Amendment claim was fully adjudicated on the merits in his direct appeal and is thus precluded. *See* Ariz. R. Crim. P. 32.2(a)(2) (precluding any claim "finally adjudicated on the merits in an appeal"). In his direct appeal this Court found that the superior court allowed Hartwell to argue a First Amendment-based defense and "present extensive testimony and argument that the charged conduct fell within the legal definition of pornography." *Hartwell*, 1 CA-CR 17-0577, at *3 ¶¶ 14–16. The post-conviction court did not err in finding the claim precluded and not colorable.

### II.     Prosecutorial Misconduct

¶8            Hartwell's claim of prosecutorial misconduct is also precluded. Claims a defendant raised or could have raised on direct appeal

are precluded. Ariz. R. Crim. P. 32.2(a)(3) (precluding claims "waived at trial or on appeal, or in any previous post-conviction proceeding"). Hartwell neither raised issues of prosecutorial misconduct on appeal, nor asserts any exception to preclusion under Rule 32.2(b) now. *See id.* Thus, his claims are precluded.

### III.    Ineffective Assistance of Counsel[1]

**¶9**       To state a claim of ineffective assistance of counsel, Hartwell must prove that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006).

### A. Trial Counsel

**¶10**      Hartwell fails to show that his trial counsel's representation was ineffective. In reviewing for deficiency, we apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and thus our "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The defendant must provide evidence that counsel's conduct "fell below an objective standard of reasonableness." *Id.* at 687–88. Simply disagreeing with counsel's strategy is insufficient. *See State v. Pandeli*, 242 Ariz. 175, 181 ¶ 8 (2017).

**¶11**      First, Hartwell argues that his trial counsel was ineffective for failing to re-raise his First Amendment defense after the court initially dismissed his motion on the issue. However—as the superior court noted— counsel's actions here fall firmly within the realm of reasonable strategy decisions. *See id.*; *Strickland*, 466 U.S. at 689.

**¶12**      Second, Hartwell argues that trial counsel was deficient for failing to object and generally failing "to adequately represent" him. But

---

[1]      Hartwell raised additional ineffective assistance of counsel arguments at the superior court that he does not include in his petition for review. These include a claim regarding his trial counsel's disciplinary history, trial counsel's failure to file a Rule 24 Motion, and appellate counsel's failure to argue prosecutorial misconduct. In failing to raise these claims in his petition, he has waived appellate review of these arguments. *See* Ariz. R. Crim. P. 32.16(c)(4) ("A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue.").

counsel did object throughout trial, including to the testimony Hartwell argues is objectionable, and he fails to articulate how counsel's "general" performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The superior court did not err.

¶13 Third, Hartwell argues that trial counsel was ineffective for failing to file his medical evaluations. Contrary to Hartwell's argument, the record confirms that trial counsel filed mitigation materials, including medical reports, before sentencing. The court noted on the record that it reviewed the mitigation materials and medical reports. In fact, the State objected to the court's consideration of defense's medical evaluations. The superior court did not err.

¶14 Fourth, Hartwell argues that counsel was ineffective for "fail[ing] to timely file a motion to sever." Even if counsel's performance were deficient, Hartwell must still show prejudice. *See Bennett*, 213 Ariz. at 567 ¶ 21. To do so, he must provide evidence showing a reasonable probability that counsel's deficient performance affected the case's outcome. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *See State v. Leyva*, 241 Ariz. 521, 528 ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000). Hartwell contends that if the charges were severed, the State would not have been able to present evidence that he "was volatile, aggressive, and acted as though he 'owned' his female employees." But, although speculating that this prejudiced him, Hartwell fails to show that the severance motion would have succeeded. Thus, the superior court's conclusion that his claim lacked a showing of prejudice is supported by the record. *See Rosario*, 195 Ariz. at 268 ¶ 23 (explaining that the defendant must present more than "mere speculation" to state a colorable claim of prejudice).

## B. Appellate Counsel

¶15 Hartwell claims that appellate counsel was ineffective for failing to submit a complete record to this Court. Specifically, he highlights that, on direct appeal, this Court found that "[t]hough offered by Hartwell at trial, [certain] precluded recordings were not made part of the record on appeal" and thus "presume[d] that they support[ed] the court's conclusion that they were not relevant." *Hartwell*, 1 CA-CR 17-0577 at *5 ¶¶ 31–32.

¶16 The recordings *do* appear in the record on appeal. Although the post-conviction court could not view one of the disks for "unknown technical reasons," this Court was able to review both disks at issue,

confirming that they were included in the record in an accessible manner. The superior court did not err in dismissing Hartwell's claim that appellate counsel failed to complete the record. *See Perez*, 141 Ariz. at 464 (holding that we will affirm the superior court's ruling if "legally correct for any reason").

## IV.  Newly Discovered Evidence

**¶17**        Hartwell fails to establish a colorable claim of newly discovered evidence. Newly discovered evidence may be a ground for relief if material facts that existed at the time of trial have been discovered and if "those facts probably would have changed the judgment or sentence." Ariz. R. Crim. P. 32.1(e); *see also State v. Amaral*, 239 Ariz. 217, 219–20 ¶¶ 10-11 (2016) (a colorable claim is one that, if true, "would probably" have changed the outcome) (citation modified).

**¶18**        Hartwell's petition for post-conviction relief claimed that evidence of a witness's criminal history and Hartwell's own mental health are "newly discovered" evidence that existed at the time of trial and "would have surely altered the verdict." He argues that the superior court "did not adequately investigate the facts" regarding these issues. Hartwell fails to support his arguments, *see* Ariz. R. Crim. P. 32.7(e), or prove that these "newly discovered" material facts "probably would have changed the judgment or sentence[,]" Ariz. R. Crim. P. 32.1(e).

**¶19**        Hartwell asserts that the witness's undisclosed felony convictions would have impeached his credibility. But newly discovered facts must be "material and not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony that was of such critical significance that the impeachment evidence probably would have changed the judgment or sentence." Ariz. R. Crim. P. 32.1(e)(3). And—as the superior court noted—any impeachment of the witness was unlikely to change the verdict as his testimony was "merely cumulative" of other evidence presented at trial. Ariz. R. Crim. P. 32.1(e)(3).

**¶20**        Hartwell also claims that the superior court did not do enough to "investigate" his claims about his mental health condition being "newly discovered." However, the defendant must provide evidence supporting his post-conviction relief claims to the superior court. *See* Ariz. R. Crim. P. 32.7(e). The superior court need not "conduct evidentiary hearings based on mere generalizations and unsubstantiated claims[.]" *State v. Borbon*, 146 Ariz. 392, 399 (1985).

**¶21** The record confirms that Hartwell's health was a frequent topic of discussion at trial and at sentencing. During a break in Hartwell's testimony, concerns were raised about his fitness to participate in the proceedings. He appeared flushed, with "his veins popping out," and began repeating that he "just want[ed] to be left to die." The court reviewed his medical records and sent Hartwell for a medical and mental health evaluation "to determine [his] competency and ability to participate in trial." The medical examination revealed that Hartwell was likely experiencing an episode of severe anxiety and he was ultimately able to complete his testimony on another date. Although Hartwell argued to the superior court that he now has additional diagnoses that potentially explain his symptoms during trial, he fails to show that these details "probably would have changed" the outcome. Ariz. R. Crim. P. 32.1(e)(3). The court acted within its discretion in summarily dismissing his newly discovered evidence claims. *See Evans*, 252 Ariz. at 594 ¶ 7.

**CONCLUSION**

**¶22** For the above reasons, we grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR