NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDWIN TAYLOR BERRY, *Petitioner*.

No. 1 CA-CR 18-0447 PRPC
FILED 11-8-2018

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201500825
The Honorable Patricia A. Trebesch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Kevin D. Schiff
*Counsel for Respondent*

Edwin Taylor Berry, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

**¶1**          Edwin Taylor Berry petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**          Berry pleaded guilty to one count of sexual exploitation of a minor and three counts of attempted sexual exploitation of a minor, all dangerous crimes against children. The superior court sentenced Berry to the minimum term of 10 years' imprisonment to be followed by lifetime probation with sex offender terms.

**¶3**          Berry filed a timely petition for post-conviction relief of-right *in propria persona* after his counsel found no colorable claims for relief.[1] The superior court dismissed the petition, and Berry now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C) (2010).

**¶4**          In his petition for review, Berry argues (1) the superior court ignored the law, allowed bias into the courtroom, and denied his request for an evidentiary hearing in violation of his constitutional rights; (2) the prosecutor committed prosecutorial misconduct; and (3) his counsel did not effectively investigate the charges, familiarize herself with the relevant area of law, or recuse herself based on a conflict of interest.

**¶5**          We deny relief.  By entering a plea agreement, Berry waived all non-jurisdictional defenses, errors, and defects which occurred prior to

---

[1]      Although Berry filed his petition for post-conviction relief after the filing deadline, his petition for post-conviction relief was timely under the "prisoner mailbox rule." *See Mayer v. State*, 184 Ariz. 242, 245 (App. 1995) ("[A] *pro se* prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court.").

the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). The waiver of non-jurisdictional defects includes any alleged constitutional rights violations by the superior court or the prosecutor, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea, *State v. Quick*, 177 Ariz. 314, 316 (App. 1994).

¶6         To the extent petitioner's claim of ineffective assistance of counsel is directly related to the plea agreement, Berry failed to show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Berry's counsel negotiated a favorable, legally sound plea agreement. Nothing from the record shows that further investigation would have changed the outcome of the case, *Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997), or that there was an actual conflict of interest that adversely effected counsel's representation, *State v. Jenkins*, 148 Ariz. 463, 466 (1986). Thus, Berry did not present a colorable claim, and an evidentiary hearing was not warranted. *See State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988).

¶7         Lastly, Berry presented a litany of additional claims in the lower court not specifically raised in his petition for review. A petition for review may not present issues or arguments through mere incorporation by reference. *See* Ariz. R. Crim. P. 32.9(c)(4)(B). Accordingly, we decline to address any claims not directly presented in the petition for review. *See State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12 (App. 2010).

¶8         For the above reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA