NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER PAUL MASON, *Petitioner*.

No. 1 CA-CR 24-0485 PRPC

FILED 04-01-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2014-119208-001
The Honorable Chuck C. Whitehead, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1 Christopher Paul Mason petitions for review from the summary dismissal of his petition for post-conviction relief. We have considered the petition for review and grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In April 2014, a police officer approached Mason and a friend as they walked in a parking lot and asked if they would be willing to speak with him. They agreed. Mason allowed the officer to search him for weapons, during which time the officer felt something in his pocket; Mason said it was his "smokes." The officer asked Mason if he could search the cigarette packs, and Mason responded that he could. One of the cigarette packs contained methamphetamine. Mason was charged with one count of possession or use of dangerous drugs. A film crew for the television series, "COPS," was with the police officer when Mason was arrested.

¶3 Mason moved to suppress the methamphetamine before trial. The superior court held an evidentiary hearing and heard testimony from Mason and the officer who searched him. Mason testified that he consented to the officer's pat down of his person to check for weapons but did not consent to the search of the cigarette packs. The court denied Mason's motion, noting it was a "close call" that came down to witness credibility.

¶4 A jury convicted Mason of one count of possession or use of dangerous drugs. In January 2019, the superior court sentenced him to ten years in prison. On appeal, this court affirmed his conviction and sentence. *State v. Mason*, No. 1 CA-CR 19-0019, 2020 WL 583834 (Ariz. App. Feb. 6, 2020) (mem decision).

¶5 After the court granted various extensions, in December 2023, Mason filed a timely petition for post-conviction relief ("PCR"). He asserted an ineffective assistance of trial counsel claim under Arizona Rule of Criminal Procedure 32.1(a). Mason argued his trial counsel was ineffective by: (1) waiting until five days before trial to file the motion to

2

suppress, (2) not interviewing any of the witnesses to his arrest before the suppression hearing, (3) not investigating potential footage of his arrest that may have been captured by the COPS film crew, and (4) failing to argue Mason was not free to leave when he consented to being searched. The superior court summarily denied his petition, finding Mason failed to show any colorable claim entitling him to relief. This petition for review followed.

## DISCUSSION

¶6        We review a superior court's ruling on a PCR petition for an abuse of discretion, which occurs if the "court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). We will affirm the superior court's decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶7        "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show prejudice, a defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Miller*, 251 Ariz. 99, 104, ¶ 17 (2021) (citation omitted).

¶8        Mason contends that his counsel was ineffective because he waited until five days before trial to file his motion to suppress. And counsel knew "having to conduct an evidentiary hearing during jury selection would be disastrous." But Mason fails to explain why it was "disastrous" or why his motion likely would have been granted if filed earlier. As previously discussed, the court held an evidentiary hearing at which the officer and Mason testified. Mason has not shown prejudice as to this argument. *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984).

¶9        Mason next argues that his counsel failed to properly investigate his case because he did not interview Mason's arresting officer or Mason's friend who was with him when he was arrested. Assuming without deciding that counsel's failure to interview the arresting officer and Mason's friend falls below objectively reasonable standards, Mason has failed to establish prejudice. Mason claims he was prejudiced "when he

lost a 'close call' regarding credibility and the [superior] [c]ourt denied the Motion to Suppress." But Mason has not explained how interviewing the arresting officer or his friend would have affected the court's ruling. Instead, he only states that interviewing his friend could have "provided important evidence for the motion to suppress" and that if his attorney had interviewed the police officer, he could have more adequately cross-examined him. In both instances, Mason does not attempt to explain what the "important evidence" was, nor does he identify the questions that should have been asked on cross-examination. Rather, he asks us to speculate as to what the evidence and questions would have been and how they would have affected the superior court's ruling. Prejudice, however, cannot be based on speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). Moreover, when Mason deposed his friend, she stated that she "was also on a lot of drugs" and did not remember much about when they were arrested. Given these facts, Mason has not established a colorable claim regarding this second argument.

**¶10** Mason also argues that his counsel's performance was ineffective because he failed to properly investigate whether the COPS production company had video footage of the arrest. But Mason cannot prove prejudice on this claim because he has not shown that video footage of his arrest ever existed, much less what it would have shown that would have helped his case. The COPS production company reported that it does not retain video footage that was not included as part of an episode and "[a]ll unedited audio and video recording(s) requested are no longer available." The police officer also testified at the suppression hearing that he was unsure whether the COPS crew even started filming Mason's arrest. Because Mason has not shown that footage of his arrest existed, his contention that an investigation of the video footage would have changed the outcome of his suppression hearing is merely speculative, and prejudice cannot be based on speculation. *Rosario*, 195 Ariz. at 268, ¶ 23. Because Mason has not shown he was prejudiced by trial counsel's conduct, his ineffective assistance of counsel claim fails.

**¶11** Mason further contends his counsel was ineffective in failing to argue that the police officer "impermissibly detained Mr. Mason before he acquiesced to any search by holding onto Mr. Mason's identification." But Mason does not allege that he consented to the search because the officer had his identification. In fact, he continues to assert that he did not consent to the search. Thus, Mason has waived this argument by failing to develop it in any meaningful way. *See* Ariz. R. Crim. P. 32.16(c)(2)(B), (D); *State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (finding defendant

waived claim when he did not "develop the argument in any meaningful way" on review).

## CONCLUSION

¶12      We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR