NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SAMUEL CLAYTON PRESTON, *Petitioner*.

No. 1 CA-CR 24-0486 PRPC

FILED 04-22-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2018-001000-001
The Honorable Timothy J. Ryan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Law Office of Randal B. McDonald, Phoenix
By Randal McDonald
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

¶1          Samuel C. Preston petitions the court for review from the superior court's dismissal of his petition for post-conviction relief, filed under Rule 32.1, Arizona Rules of Criminal Procedure. The court grants review but denies relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2          On March 16, 2016, K.F., a 12-year-old girl, attended a sleepover with her friends at Preston's house.

¶3          K.F. testified she was sleeping on the couch in the living room when she woke up at 2:00 a.m. to Preston touching her leg. Preston then climbed on top of her and forced her hand to rub his penis inside his pants. He forced his hand into her underwear, rubbing and penetrating her vagina with his finger. He then rubbed her left breast under her shirt. At that point, Preston's wife walked in, and K.F. told her what Preston had done to her.

¶4          Following a 12-day trial, the jury convicted Preston of 1 count of sexual abuse. On 1 count of sexual conduct, the jury could not agree but convicted him of the lesser-included crime of child molestation. The jury acquitted Preston on the 3 remaining counts: 2 for sexual conduct with a minor and 1 for kidnapping. The superior court sentenced Preston to the presumptive 17-year prison term for the child molestation count and suspended his sentence and imposed lifetime probation for the sexual abuse count. On direct appeal, the court affirmed his convictions and sentences in *State v. Preston*, 1 CA-CR 21-0138, 2022 WL 1222444 (Ariz. App. Apr. 26, 2022) (mem. decision).

¶5          Preston timely petitioned for post-conviction relief, claiming ineffective assistance of counsel and actual innocence. The superior court summarily dismissed Preston's petition.

**¶6**        The court has jurisdiction over Preston's timely petition for review under Article VI, Section 9, of the Arizona Constitution, A.R.S. § 13-4239, and Rule 32.16.

## DISCUSSION

**¶7**        Preston argues he presented colorable claims of ineffective assistance of counsel and actual innocence. He also argues the superior court abused its discretion by considering matters outside the record during oral argument on the petition. He asks the court to vacate the summary dismissal order and remand to the superior court for an evidentiary hearing on his claims.

**¶8**        The court reviews the superior court's summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219 ¶ 9 (2016). An evidentiary hearing is warranted if a defendant presents a colorable claim of ineffective assistance of counsel. *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995). To state a colorable claim, "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). Courts "must indulge a strong presumption that counsel's conduct" was reasonable under the circumstances and resulted from sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also State v. Bigger*, 251 Ariz. 402, 407–08 ¶ 10 (2021). To show prejudice, the defendant must offer "some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different." *State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). The court need not address both prongs if the defendant's showing is insufficient on one. *State v. Pandeli*, 242 Ariz. 175, 181 ¶ 6 (2017).

## I.    The superior court did not abuse its discretion by summarily dismissing Preston's claims for ineffective assistance of trial counsel.

**¶9**        Preston had 2 trial lawyers and raised ineffective assistance of counsel as to both. Preston retained the second lawyer about 7 months after he was indicted. The second lawyer represented Preston through trial and sentencing. Collectively, Preston raises 7 specific issues to show his trial lawyers' ineffective assistance. As an eighth matter, Preston argues the cumulative effects of those errors establish ineffective assistance of counsel even if they do not individually rise to that level. We address each issue in turn.

¶10 For his first issue, Preston argues his trial counsel inadequately communicated with him and his family. This argument fails. As Preston acknowledges, he has not "delineated the specifics of what [counsel] would have communicated or *vice versa*." And Preston does not identify how any communications would have changed the outcome. He thus shows no prejudice. *See Rosario*, 195 Ariz. at 268 ¶ 23. ("The burden is on the petitioner and the showing must be that of a provable reality, not mere speculation.").

¶11 For his second issue, Preston argues his trial counsel should have challenged the grand jury's indictment. This argument also fails for lack of prejudice. Preston argues the State violated his due process rights during the grand jury proceeding by failing "to present exculpatory evidence admitting that they did not collect DNA swabs from [Preston's] body or clothing." True, if "exculpatory information [is] provided by the police, the law requires that it be presented to the grand jury." *Trebus v. Davis*, 189 Ariz. 621, 624 (1997). But the uncollected DNA evidence was not exculpatory. *See Preston*, 1 CA-CR 21-0138, at *2 ¶ 14; *State v. Hernandez*, 250 Ariz. 28, 33–34 ¶¶ 19–21 (2020) (holding the mere absence of DNA tends not to exonerate the defendant because the defendant "may not have left identifiable DNA" even if they committed the crime). Even if Preston assaulted K.F., her DNA may not have been found on Preston's clothing or body. Preston thus has not shown challenging the grand jury indictment had a "reasonable likelihood" of success and thus he failed to show he was prejudiced by his counsel not doing so. *See State v. Berryman*, 178 Ariz. 617, 622 (App. 1994) (requiring defendant to show a "reasonable likelihood that a motion [] would have succeeded" to show prejudice from ineffective assistance of counsel).

¶12 For his third issue, Preston argues his trial counsel should have moved for dismissal because the State took nearly 2 years to indict him. He argues the delay resulted in the State not preserving K.F.'s text messages with her friend from the night of the incident. "For pre-indictment delay to violate due process, a defendant must show that (1) the delay was intended to gain a tactical advantage or to harass him, and (2) the delay actually and substantially prejudiced him." *State v. Dunlap*, 187 Ariz. 441, 450 (1996). "[A] defendant has a heavy burden to prove that pre-indictment delay caused actual prejudice; the proof must be definite and not speculative." *Id.* When lost evidence "might have been exculpatory, but [its] exculpatory value is not apparent . . . [the] defendant cannot show prejudice in fact." *Id.* at 452–53. As with his first 2 issues, Preston cannot establish prejudice. The contents of the messages are unknown, and nothing in the record suggests they would be exculpatory. And so, Preston

cannot show the prejudice required to succeed on a motion to dismiss based on pre-indictment delay. *See Berryman*, 178 Ariz. at 622.

¶13 For his fourth issue, Preston argues his second trial counsel fell asleep during the State's pretrial interview of Preston's wife. The superior court rejected this argument because Preston failed to show "what adverse outcome came from" the second lawyer allegedly falling asleep. Preston now asserts, "[t]he adverse outcome has been illustrated throughout this case—[Preston's] conviction for a crime he did not commit." Though the allegation of an attorney falling asleep during a witness's interview is deeply concerning, Preston's conclusory assertions are not enough to show prejudice. *See State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000) ("To mandate an evidentiary hearing, the defendant's challenge must consist of more than conclusory assertions and be supported by more than regret.").

¶14 For his fifth issue, Preston argues because his second trial counsel received a State Bar Disciplinary Judgment against him while representing Preston, "[i]t is likely that [his] professional challenges overshadowed his ability to competently represent [Preston]." (cleaned up). Again, establishing prejudice requires more than mere speculation. *See Rosario*, 195 Ariz. at 268 ¶ 23. And Preston has merely speculated on how the disciplinary judgment in an unrelated matter affected his second trial counsel's handling of his case.

¶15 For his sixth issue, Preston argues his second trial counsel did not object to the superior court precluding 2 of the victim's friends from testifying. But on direct appeal, this court determined the superior court did not abuse its discretion when it precluded the witnesses' testimony. *Preston*, 1 CA-CR 21-0138, at *3 ¶¶ 19–24. This argument thus is precluded. *See* Ariz. R. Crim. P. 32.2(a)(3).

¶16 For his seventh issue, Preston argues his second trial counsel should have objected when the superior court referred to Preston's "lack of remorse" during sentencing. But, again, this court already addressed this issue on direct appeal and concluded "any error in sentencing was harmless." *Preston*, 1 CA-CR 21-0138, at *6–*7 ¶¶ 40–43. This argument thus is also precluded. *See* Ariz. R. Crim. P. 32.2(a)(3).

¶17 As a final matter regarding ineffective assistance of counsel, Preston argues the cumulative effects of both trial counsel's errors constitute ineffective assistance of counsel. But the Arizona Supreme Court does not apply the cumulative error doctrine to ineffective assistance of

counsel claims. *See Pandeli*, 242 Ariz. at 191–92 ¶ 69. And Preston has not shown cumulative error because he has established no prejudice resulting from his counsels' alleged errors.

## II. The superior court did not abuse its discretion by dismissing Preston's actual innocence claim.

**¶18** Rule 32.1(h) requires the defendant to show "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt."

**¶19** Preston argues cumulatively, certain missing pieces of evidence to establish his actual innocence. He points to the excluded testimony from K.F.'s friends, the uncollected DNA evidence from Preston's body and clothes, and K.F.'s unpreserved text messages. He argues the jury could not reasonably have convicted him if it had heard that evidence. But Preston has not provided affidavits from the witnesses explaining what they would have said. And he has not shown what the uncollected and unpreserved evidence would have revealed. Because Preston "did not present new evidence of innocence," the superior court acted within its discretion when it dismissed this claim. *See State v. Evans*, 252 Ariz. 590, 598 ¶ 28 (App. 2022).

## III. The superior court did not consider matters outside the record.

**¶20** As a final matter, Preston argues the superior court "abused its discretion by relying on facts not in evidence to make its decision." Preston points to 2 statements the superior court made during oral argument on the petition.

**¶21** First, the superior court speculated the reason for the 2-year delay in bringing the indictment was because the then sheriff "understaffed west side sex crimes investigations and basically put a lot of cases on the back shelf." (cleaned up). But defense counsel immediately pointed out "that [] is not evidence. We don't know that to be the case." And the superior court agreed. The record thus does not suggest the superior court considered its assumption as to the cause of the 2-year delay in dismissing Preston's claims. Second, the superior court said it was "incredulous at" parts of the defense expert's DNA testimony. Incredulous perhaps, but that testimony no doubt was in evidence, and the superior court appropriately acknowledged it.

## CONCLUSION

¶22 The court grants review of the superior court's dismissal of Preston's petition but denies relief.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR